MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

David St. Ann

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**v.**

Kym Worthy, Augustus W. Hutting,

Thomas E. Jackson, Donald Olsen,

Michael Russell, John Doe#1, John Doe#2,

James Craig, Daniel J. Rust, Paul J.

Fisher, John Doe#3

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case:2:18-cv-13749
Judge: Cohn, Avern
MJ: Stafford, Elizabeth A.
Filed: 12-03-2018 At 04:34 PM
CMP ST ANN v WORTHY, ET AL (dat)

Jury Trial: ☑ Yes   ☐ No
*(check one)*

## Complaint for Violation of Civil Rights
## (Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

**In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.**

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                         David Anthony St. Ann

All other names by which you have been known:

ID Number                    741200

Current Institution          Muskegon Correctional Facility

Address                      2400 Sheridan Drive

                             Muskegon, MI 49442

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name                         Kym L. Worthy

Job or Title                 District Attorney
(if known)

Shield Number                P33875

Employer                     Wayne County Prosecutor's Office

Address                      1441 Saint Antoine St., Fl 11

                             Detroit, MI 48226

☑  Individual capacity          ☑  Official capacity

2

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

Defendant No. 2

| | |
|---|---|
| Name | Augustus W. Hutting |
| Job or Title (if known) | Assistant Prosecuting Attorney |
| Shield Number | P24830 |
| Employer | Wayne County Prosecutor's Office |
| Address | 1441 St. Antoine Street |
| | Detroit, MI 48226 |

☑ Individual capacity          ☑ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Thomas Edward Jackson |
| Job or Title (if known) | Third Circuit Court Judge |
| Shield Number | P22819 |
| Employer | Third Circuit Court |
| Address | 1441 St. Antoine Street, Suite 301 |
| | Detroit, MI 48226 |

☑ Individual capacity          ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Daniel J. Rust |
| Job or Title (if known) | State Appellant Attorney |
| Shield Number | P32856 |
| Employer | State of Michigan |
| Address | P.O. Box 40089 |
| | Redford, MI 48240 |

☑ Individual capacity          ☑ Official capacity

3

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ / Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

**See Attachment(s). See Section 1983/Section 1350 Complaint.**

**See Statement of Case. See pages two through twelve.**

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

**N/A**

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Attachment(s). See Section 1983/Section 1350 Complaint. See Statement of Case. See pages two through twelve. See also Statement of Facts. See paragraphs twenty through ninety (pages eighteen through thirty-two).

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

```
The events that are pertinent to my claim(s) arose within
the City of Detroit, County of Wayne. The events/facts within
my claim(s) arose/began on January 13, 2009.
```

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

```
                              N/A
```

C.    What date and approximate time did the events giving rise to your claim(s) occur?

```
The events/facts within my claim(s) arose/began on January
13, 2009 at around 10:55 am. These events/facts continued to
the present date.
```

D.    What are the facts underlying your claim(s)?  *(For example:  What happened to you? Who did what?  Was anyone else involved?  Who else saw what happened?)*

See Attachment(s). See Section 1983/Section 1350 Complaint. See Statement of Case. See pages two through twelve. See also Statement of Facts. See paragraphs twenty through ninety (pages eighteen through thirty-two).

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See Attachment(s). See Section 1983/Section 1350 Complaint. See Statement of Case. See pages eleven through twelve. See also Statement of Facts. See page twenty-nine. See also paragraphs sixty-nine through seventy-three. Plaintiff St. Ann is still undergoing physical and psychiatric treatment for injuries that he sustained. Plaintiff St. Ann is still waiting to receive proper medical treatment regarding damage done to left ear regarding hearing and for loss of hearing, surgery to fix ear canal, and surgery to remove scar tissue from inner ear that's blocking sound waves, thus contributing to loss of hearing within left inner ear.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

See Attachment(s). See Section 1983/Section 1350 Complaint. See Claims For Relief. See pages thirty-three through forty-two (paragraphs ninety-one through 103). See also Prayer For Relief. See pages forty-three through forty-five (paragraphs A-U).

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐    Yes

☑    No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐    Yes

☑    No

☐    Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐    Yes

☑    No

☐    Do not know

If yes, which claim(s)?

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐    Yes

☑    No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐    Yes

☑    No

E.    If you did file a grievance:

1.    Where did you file the grievance?

N/A

2.    What did you claim in your grievance?

N/A

3.    What was the result, if any?

N/A

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

4.     What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

N/A

F.     If you did not file a grievance:

1.     If there are any reasons why you did not file a grievance, state them here:

I did not file an institutional grievance within the MDOC due to the fact that the events/facts regarding my claim arose in the City of Detroit, County of Wayne, outside the jurisdiction of the MDOC. Moreover, the facts of this claim do not relate to the conditions of my imprisonment within the MDOC.

2.     If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

11

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?



☐ Yes

☑ No

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?



☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.  Parties to the previous lawsuit

        Plaintiff(s)  _____

        Defendant(s)  _____

    2.  Court *(if federal court, name the district; if state court, name the county and State)*

        _____

    3.  Docket or index number

        _____

12

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

    4.      Name of Judge assigned to your case

                _____

    5.      Approximate date of filing lawsuit

                _____

    6.      Is the case still pending?

           ☐     Yes

           ☐     No

          If no, give the approximate date of disposition. _____

    7.      What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C.      Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

       ☑     Yes

       ☐     No

D.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.      Parties to the previous lawsuit

           Plaintiff(s)   David Anthony St. Ann

           Defendant(s)   Mclean et al.

    2.      Court *(if federal court, name the district; if state court, name the county and State)*

                Eastern Federal District Court

    3.      Docket or index number

           5:15-cv-11770

4.    Name of Judge assigned to your case

Judith E. Levy

5.    Approximate date of filing lawsuit

May 15, 2015

6.    Is the case still pending?

☑    Yes

☐    No

If no, give the approximate date of disposition. _____

7.    What was the result of the case?  *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

_____

_____

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: November 28, 20 18.

Signature of Plaintiff      Dail St. C

Printed Name of Plaintiff      David Anthony St. Ann

Prison Identification #    741200

Prison Address    2400 Sheridan Drive

| Muskegon | Michigan | 49442 |
|----------|----------|-------|
| City | State | Zip Code |

14

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

**Additional Information:**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


DAVID ST. ANN, MDOC#741290              CASE NO.
   Plaintiff,


v.


KYM WORTHY, AUGUSTUS W. HUTTING,
THOMAS E. JACKSON, DANIEL J. RUST,
DONALD OLSEN, MICHAEL RUSSELL,
JAMES CRAIG, PAUL J. FISHER,
JOHN DOE#1, JOHN DOE#2, JOHN DOE #3
   Defendants. _____/


## DECLARATION PURSUANT TO 28 U.S.C. SECTION 1746(2)


   I, David St. Ann, declare under the penalty of perjury and
pursuant to 28 U.S.C. Section 1746 that all of the foregoing
facts and statements are true to the best of my personal
knowledge, information and belief.


November 28, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


DAVID ST. ANN, MDOC#741290                    CASE NO.
    Plaintiff,


v.


Kym Worthy, et al                            JUDGE'S COPY
    Defendants.            /                 JURY TRIAL DEMANDED




CIVIL COMPLAINT UNDER 42 U.S.C. SECTION 1983
        AND 28 U.S.C. SECTION 1350

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


DAVID ST. ANN, MDOC#741290                    CASE NO.
    Plaintiff,


v.


Kym Worthy, et al                             JUDGE'S COPY
    Defendants.              /                JURY TRIAL DEMANDED



42 U.S.C. SECTION 1983
28 U.S.C. SECTION 1350


### STATEMENT OF CASE


This is a civil rights action brought by David St. Ann, a
state prisoner who is currently under jurisdiction of the Michigan
Department of Corrections (MDOC) alleging various Constitutional/
Human Rights violations pursuant to the Fourth, Fifth, Eighth, and
Fourteenth Amendment United States Constitution where various
government agencies and government officials within the city of

Detroit have conspired to violate his Constitutional/Human Rights which has led to the forced abduction, forced disappearance, arbitrary arrest, arbitrary detention, and torture, cruel inhuman and degrading treatment of Plaintiff St. Ann, all of which are clear violations of Customary and International Law and International Treaties.

Defendants Kym Worthy and Augustus W. Hutting are being sued for malicious prosecution for knowingly and wantonly prosecuting Plaintiff St. Ann without probable cause, information, indictment, or without a bind over from 36th District Magistrate, Ronald Giles, which has led to Plaintiff St. Ann serving a void sentence and judgment that's based on fraud. Defendants Worthy and Hutting are also being sued for the forced disappearance and forceful abduction of Plaintiff St. Ann, arbitrary arrest, arbitrary detention, torture, cruel inhuman and degrading treatment, prolonged arbitrary detention, conspiracy against rights, and kidnapping under color of law.

Third Circuit Court judge, Thomas E. Jackson, is also being sued for his role in the forced disappearance and forced abduction of Plaintiff St. Ann in addition to arbitrary detention, prolonged arbitrary detention, torture, cruel inhuman degrading treatment, conspiracy against rights, kidnapping under color of law, and for acting outside the scope of his role as a judge and for acting in "clear absence of all jurisdiction" where he usurped subject matter jurisdiction over Plaintiff St. Ann's case regarding the nonexistent charges of First Degree Premeditated Murder and Felony Firearm in addition to coprosecuting Plaintiff St. Ann at a hoax trial, under a fraudulent information, without

3.

Plaintiff St. Ann ever being legally or lawfully charged under an information or an indictment as required under Michigan Supreme Court precedent, United States Supreme Court precedent, Bill of Rights within the United States Constitution Fourteenth Amendment Equal Protection Due Process Clause, United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Universal Declaration of Human Rights, Inter-American Human Rights Treaties, and Article XIV of the Inter-American Convention on Forced Disappearance of Persons, ect.

Furthermore, Defendants Augustus W. Hutting, Wayne County Assistant Prosecutor, and Third Circuit Court judge, Thomas E. Jackson, have directly caused Plaintiff St. Ann's forced disappearance, arbitrary detention, torture, cruel inhuman and degrading treatment, prolonged arbitrary detention, and have kidnapped Plaintiff St. Ann under color of law without an information, indictment, probable cause, procedural or substantive due process, or notice and by manipulating and lying to members of the jury by rallying the jurors to civic duty to convict Plaintiff St. Ann. Defendants Hutting and Jackson also forged/doctored court documents and files in order to cover-up a federal criminal conspiracy, multiple federal criminal civil rights violations, and multiple Human Rights violations.

On the whole, Plaintiff is currently serving a void sentence and judgment that's based on fraud, under the unconstitutional statutes of First Degree Premeditated Murder and Felony Firearm, which has contributed to Plaintiff St. Ann experiencing the above mentioned Constitutional and Human Rights violations which is contumacious and abominable to the Bill of Rights of the United States

Constitution Equal Protection Due Process Clause, United Nations Convention
Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment,
American Convention on Human Rights, ect.

Accordingly, Detroit Police Investigators Detective Donald Olsen and Michael
Russel also conspired in a collusionary effort to obtain a fraudulent warrant in
order to obtain the false/arbitrary arrest of Plaintiff St. Ann. Defendants
Olsen and Russel knew before and durning the time that they obtained the
fraudulent warrant for Plaintiff's arrest that probable cause regarding the
elements of First Degree Premeditated Murder and Felony Firearm were nonexistent
and that absolutely no evidence had been conclusively established regarding the
elements of the murder and gun charges by even a probable cause standard.
Consequently, Defendants Olsen and Russel Falsely testified under oath and
Information and Belief within the warrant and complaint before the 36th District
Magistrate that probable cause existed regarding the charges of first degree
murder and felony firearm in order to obtain the false/arbitrary arrest of
Plaintiff St. Ann.

Subsequently, three months later, after it was Ordered by 36th District
Magistrate, Ronald Giles, at Plaintiff's preliminary examination that the
elements were nonexistent by even a probable cause standard regarding the charges
of First Degree Murder and Felony Firearm, both Defendants Olsen and Russel,
along with Defendant Hutting, ignored the 36th District Magistrate's binding,
judicial determination and instead chose to proceed to the Third Circuit Court
to illegally and unlawfully and wantonly and maliciously prosecute Plaintiff
St. Ann without an information or an indictment, without a bind over from 36th

5.

Magistrate Ronald Giles ever being filed, and without a recognizance from 36th District Magistrate Giles ever being filed.

In short, Defendants Olsen and Russel both worked in a collusionary effort and continued to help prosecute Plaintiff St. Ann even when they were aware that they were in violation of Plaintiff's Fifth Amendment rights to not be placed twice in Double Jeopardy under the doctrine of res judicata and collateral estoppel. At that time, Defendants Olsen and Russel were notified by the 36th District Court that probable cause did not exist and that they no longer had personal or subject matter jurisdiction over Plaintiff St. Ann or his case regarding the nonexistent charges of First Degree Premeditated Murder and Felony Firearm. However, both Defendants still chose to prosecute Plaintiff under the pretense of a fraudulent information and under the unconstitutional statutes of First Degree Premeditated Murder and Felony Firearm.

Subsequently, once Plaintiff's hoax trial began in the Third Circuit Court regarding the nonexistent charges of First Degree Premeditated Murder and Felony Firearm, Detective Donald Olsen, along with the assistance of Defendant Russel, continued to act as if Plaintiff St. Ann was on trial for the murder and gun charges and also lied to the entire jury by explaining to them that Plaintiff St. Ann had in fact murdered the decedent "for the checks" and was a long-term suspect within the murder of the decedent. Defendant Olsen, along with the assistance of Defendant Russel, also forged and doctored court documents and files and deliberately lied to members of the jury by using documents from another (separate) crime that had occurred four months after the decedent had

6.

been murdered in order to fraudulently connect Plaintiff St. Ann to the decedent's murder by showing motive, intent to kill, and premeditation which was a clear violation of Plaintiff's Fifth and Fourteenth Amendment rights of protection against multiple prosecutions under the Double Jeopardy Same Transaction Test.

Plaintiff is suing Defendants Olsen and Russel for false arrest, arbitrary arrest, arbitrary detention, torture, cruel inhuman and degrading treatment, forced disappearance and forced abduction, malicious prosecution, conspiracy against rights, kidnapping under color of law, and prolonged arbitrary detention.

Plaintiff St. Ann is also suing John Doe, 36th District Magistrate, who wantonly and arbitrarily issued the fraudulent "Blanket Warrant and Complaint" while aware that probable cause was nonexistent regarding the charges of First Degree Premeditated Murder and Felony firearm. Specifically, the blanket warrant and complaint was devoid of any conscious, overt action of Plaintiff St. Ann committing any crime regarding the murder and gun charges. Plaintiff is suing John Doe for arbitrary arrest, arbitrary detention, forced disappearance, conspiracy against rights, kidnapping under color of law, and for violation of his Fourth and Fourteenth Amendment rights regarding illegal search, seizure, and arrest.

Police Chief, James Craig, is being sued for intentional negligence and creating an atmosphere that is conducive of corruption and for his failure to properly trian/discipline state government employees within the (DPD) Detroit Police Department. Inasmuch, his subordinate, John Doe, an employee of the (DPD), is currently working in collusion with Defendants Worthy, Jackson, Hutting,

Olsen, and Russel in the forced disappearance of Plaintiff St. Ann and in an attempt to cover-up the forced abduction, arbitrary arrest, arbitrary detention, torture, cruel inhuman and degrading treatment, kidnapping under color of law, and other federal crimes/Human Rights violations.

Plaintiff St. Ann is also suing John Doe, who is an employee for the (DPD) regarding his role for aiding and abetting Defendants Worthy, Hutting, Jackson, Olsen, John Doe, and Russel in an attempt to cover-up the above mentioned human rights violations, federal criminal civil rights violations, and the criminal conspiracy that has been perpetrated against Plaintiff St. Ann by the above mentioned Defendants.

Plaintiff St. Ann is suing appellant attorney, Daniel J. Rust. Defendant Rust is being sued for his role in the ongoing criminal conspiracy, federal crimes, and Human Rights violations where he deliberately sabotaged Plaintiff's direct appeal by engaging in fraud, misrepresentation, and for his active involvement in the criminal conspiracy, multiple federal crimes, multiple human rights violations, and in an attempt to cover-up the Defendants' complicity/involvement regarding the arbitrary arrest, arbitrary detention, false arrest, torture, cruel inhuman and degrading treatment, forced disappearance and abduction, malicious prosecution, conspiracy against rights, kidnapping under color of law, and prolonged arbitrary detention.

Accordingly, Defendant Rust deliberately sabotaged Plaintiff's oral argument on direct appeal, admitted Plaintiff's involvement in the crime regarding the alleged "insurance scheme" which the panel of judges at the Michigan COA used as the basis of their reasoning to conclude Plaintiff's guilt as well as their

8.

justification for denying his appeal of right, deliberately lied within his statement of facts by stating that Plaintiff St. Ann was charged in the information with the charges of First Degree Premeditated Murder and Felony Firearm, and deliberately lied within his statement of facts within the brief he'd filed on direct appeal by stating that the Uttering and Publishing and False Application for State Identification charges/crimes had occurred on the same day as the charges of First Degree Premeditated Murder and Felony Firearm, March 25, 2007.

Defendant Rust made these fraudulent statements within his brief in order to: (1) complicate the issues for the Michigan COA to review, (2) cover-up the above mentioned crimes, criminal conspiracies, and human rights violations committed by Defendants, and (3) to hide/cover-up the pretense of Plaintiff's imprisonment regarding the hoax trial that had occurred within the Third Circuit Court and to hide the fact that Plaintiff had been sent to a hoax trial, was serving a void sentence that was based on fraud, and to cover-up the fact that all of the court documents pertaining to Plaintiff's case were null and void and had been forged/doctored by Defendants Jackson, Hutting, Olsen, and Russel.

On the whole, the nonexistent charges of First Degree Murder and Felony Firearm occurred on March 25, 2007. The charges of Uttering and Publishing and False Application for State Identification occurred four months later between July and August of 2007. And because of the huge time gap that had occurred between the nonexistent charges and the later charges, both the Michigan Supreme Court and the United States Supreme Court precedent made it impossible for Defendants Hutting, Jackson, Olsen, and Russel, under the Fifth and Fourteenth

9.

Double Jeopardy Clause Same Transaction Test, to conjoin both set of crimes under a single criminal act, episode, or occurance, thereby prosecuting Plaintiff at trial as if both set of crimes had occurred at the same time, under the same criminal act, and with the same criminal intent.

Defendants Jackson, Hutting, Olsen, and Russel forged/doctored the following court documents: (1) Register of Actions, (2) Judgment of Sentence, (3) Claim of Appeal and Order Appointing Counsel form, and (4) Plaintiff's PSI and MDOC Basic Information Report.

These documents were forged with misinformation in order to create the planned illusion of a false appearance that: (1) an actual crime had been committed, (2) to make it appear that the Uttering and Publishing and False Application for State Identification charges were part of the same criminal episode regarding the nonexistent charges of First Degree Premeditated Murder and Felony Firearm, (3) to further create the illusion that the nonexistent charges of First Degree Murder and Felony Firearm had been legally bonded over along with the Uttering and Publishing and False Application for State Identification charges; thus, further creating the illusion of guilt that the critical, mandatory element of premeditation existed (that the Wayne County Assistant Prosecutor was unable to prove at Plaintiff St. Ann's preliminary examination by even a probable cause standard) in order to make it appear on paper that Plaintiff, with premeditated aforethought, planned to murder the decedent for the checks that had come from Northwestern Mutual Life Insurance Company, (4) to further conceal the Double Jeopardy violation concerning the "Same Transaction Test" and the critical time element that's required in order to logically connect the nonexistent charges

10.

of First Degree Murder and Felony Firearm to the Uttering and Publishing and False
Application For State Identification charges, (5) to further conceal the fact
that Plaintiff St. Ann is serving a void judgment and sentence that's based on
fraud as a consequence of the Double Jeopardy violation, radical jurisdictional
defect, and prosecutorial and judicial overreaching, (6) to further create the
illusion that subject matter jurisdiction had been legally and lawfully given
to the Third Circuit Court judge, Defendant Thomas Jackson, concerning the
nonexistent charges of First Degree Murder and Felony Firearm, in the form of
a return by 36th District Magistrate, Ronald Giles, and (7) to create the illusion
that there is only a "cure in the defect" concerning the nonexistent charges
of First Degree Murder and Felony Firearm.

Defendant Kym Worthy is being sued for personal injury/assault that Plaintiff
St. Ann has incurred while being illegally and unlawfully detained within the
MDOC as a result of the negligence and wrongful acts and omissions pursuant to
28 U.S.C. Section 1346(b)(1). Moreover, as a result of Plaintiff St. Ann, who is
an innocent American citizen, who was forcefully abducted and kidnapped under
color of law and arbitrarily thrown into prison (MDOC) without indictment,
information, notice, probable cause, bind over, or any kind of due process-
Plaintiff St. Ann has been forced to be subjected to live with violent inmates,
murderers, psychopaths, gang members, and violent criminals.

And as a result, Plaintiff St. Ann was brutally attacked and savagely beaten
by several correctional officers where he sustained serious bodily injury and
was brutally assaulted by an inmate with boiling hot water (that was preheated
in the microwave, mixed with grease and other substances). And as a consequence,
Plaintiff St. Ann has sustained second and third degree burns and scares over

11.

his entire body and permanent loss of hearing within his left ear and continues
to suffer PTSD as a result of being assaulted. As has been noted, the above
named Defendants have used their public offices, badges, and authority/power
that has been vested to them by the State of Michigan as political weapons to
forcefully abduct, torture, and terrorize Plaintiff St. Ann who is an African
American minority and a member of a protected class of citizens within the
United States of America.

In conclusion, Defendant Kym Worthy, who is head of the Wayne County District
Attorney's Office, continues to feign ignorance regarding Plaintiff St. Ann's
forced disappearance, arbitrary detention, the ongoing criminal conspiracy that
has occurred against him, and the above mentioned Constitutional/Human Rights
violations as well as the multiple federal criminal civil rights violations
that have occurred against him.

12.

## JURISDICTION AND VENUE

1). Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331(1), in that, these claims arise under the Constitution of the United States of America. (2) Jurisdiction of the Court is invoked pursuant to 28 U.S.C. Section 1331(a)(1), in that, this action seeks to redress the deprivation, under color of law, of rights secured by acts of Congress providing for equal rights of persons under the jurisdiction of the United States of America.

3). Venue is proper in this district, pursuant to 28 U.S.C. Section 1391(b)(1) in that, upon information and belief, Defendants Kym Worthy, Augustus W. Hutting, Thomas E. Jackson, Donald Olsen, Michael Russell, Daniel J. Rust, John Doe#1, John Doe#2, Paul J. Fisher, John Doe#3, and Detroit Police Chief James Craig, all reside in or near the county of Wayne, State of Michigan.

4). Venue is proper in this district, pursuant to 28 U.S.C. Section 1391(b)(1) in that, upon information and belief, Defendants Kym Worthy, Augustus W. Hutting, Thomas E. Jackson, Donald Olsen, Michael Russell, Daniel J. Rust, John Doe#1, John Doe#2, Paul J. Fisher, John Doe#3, and Detroit Police Chief James Craig have acted and continued to act under color of state law at all times relevant to this action. (5) This Court also has jurisdiction pursuant to 28 U.S.C. Section 1367 in that, some of Plaintiff's claims are State tort claims regarding intentional infliction of emotional distress, ect.

6). Jurisdiction of this Court is invoked pursuant to the Alien Tort Statute 28 U.S.C. Section 1350, in that, the Human Rights violations regarding

Plaintiff's forced disappearance, arbitrary arrest, arbitrary detention, torture, cruel inhuman and degrading treatment, and prolonged arbitrary detention are also violations of the Fifth, Eighth, and Fourteenth Amendment rights to Equal Protection against cruel and unusual punishment pursuant to 28 U.S.C. Section 1391.

7). Venue is proper in this district, pursuant to 28 U.S.C. Section 1350 in that, multiple Human Rights violations occurred in the county of Wayne, State of Michigan that have been committed by Defendants Kym Worthy, Augustus W. Hutting, Thomas E. Jackson, Donald Olsen, Michael Russell, Daniel J. Rust, John Doe#1, John Doe#2, Paul J. Fisher, John Doe#3, and Detroit Police Chief James Craig alleged herein occurred in the county of Wayne, State of Michigan. Furthermore, the Alien Tort Statute, 28 U.S.C. Section 1350, provides subject matter jurisdiction where, "A defendant is responsible under international law for his own acts which he directed, ordered, aided/abetted, or participated in, and for acts committed by forces under his command which he authorized."

## PARTIES

### Plaintiff

8). The Plaintiff is David St. Ann, MDOC#741290. He has a current address of Muskegon Correctional Facility, 2400 Sheridan Drive, Muskegon, MI 49442. He has filed one other lawsuit which is currently pending within the Eastern Federal District Court.

DEFENDANTS

9).  Defendant Kym Worthy is an employee for the city of Detroit, county of Wayne. She is employed as the District Attorney for the Wayne County District Attorney's Office. Her address is Wayne County Prosecutor's Office, 1441 Saint Antoine Street, Fl 11, Frank Murphy Hall of Justice, Detroit, MI 48226. She is being sued within her individual and official capacity.

10).  Defendant Augustus W. Hutting is an employee for the city of Detroit, county of Wayne. He is employed as a Wayne County Assistant Prosecutor for the Wayne County District Attorney's Office. His address is Wayne County Prosecutor's Office, 1441 Saint Antoine Street, Frank Murphy Hall of Justice, Detroit, MI 48226. He is being sued within his individual and official capacity.

11).  Defendant Thomas Edward Jackson is an employee for the city of Detroit, county of Wayne. He is employed as a Third Circuit Court judge. His address is Third Circuit Court, 1441 St. Antoine Street, Ste 301, Detroit, MI 48226. He is being sued within his individual and official capacity.

12).  Defendant Daniel J. Rust is employed for the State of Michigan. He is employed as an appellant attorney. His current address is P.O. Box 40089, Redford, MI. He also has an address of 26062 Ivanhoe Street, Redford, MI 48239. He is being sued within his individual and official capacity.

13).  Defendant Donald Olsen is an employee for the city of Detroit, county of Wayne. He is employed as a Police Detective for the Detroit Police Department. His address of employment is unknown. His shield number is unknown. He is being sued within his individual and official capacity.

15.

14). Defendant Michael Russell is an employee for the City of Detroit, county of Wayne. He is employed as a Police Detective for the Detroit Police Department. His address of employment is unknown. His shield number is unknown. He is being sued within his individual and official capacity.

15). Defendant James Craig is an employee for the City of Detroit, county of Wayne. He is employed as the Chief of Police for the City of Detroit. His address of employment is unknown. His shield number is unknown. He is being sued within his individual and official capacity.

16). Defendant John Doe#1 is an employee for the City of Detroit, county of Wayne. He is employed as a Magistrate for the 36th District Court. His bar number is unknown. His address of employment is unknown. He is being sued within his individual and official capacity.

17). Defendant John Doe#2 is an employee for the City of Detroit, county of Wayne. John Doe#2 is an employee of the Detroit Police Department. His work address is unknown. His shield number is unknown. John Doe#2 is being sued within his individual and offical capacity.

18). Defendant Paul J. Fisher was employed as the Executive Director and General Counsel for the Judicial Tenure Commission. His last known address of employment was the Judicial Tenure Commission, 3034 W. Grand Blvd., Ste 8-450, Cadillac Place Building, Detroit, MI 48226. His bar number is unknown. He is being sued within his individual and official capacity.

19). Defendant JohnDoe#3 is employed at the Executive Director and General Counsel for the Judicial Tenure Commission. His address is Judicial Tenure

16.

Commission, 3034 W. Grand Blvd., Ste 8-450, Cadillac Place Building, Detroit, MI 48226. His bar number is unknown. Defendant is being sued within his individual and official capacity.

17.

## STATEMENT OF FACTS

20). On January 13, 2009, Plaintiff St. Ann was apprehended on a warrant by the U.S. Marshals.

21). On February 5, 2009, Plaintiff was arraigned on the warrant at the 36th District Court before Magistrate, Charles W. Anderson, III on the charges of First Degree Premeditated Murder, Possession of Felony Firearm, four counts of Uttering and Publishing, and False Application For State Identification. A Plea of Not Guilty was entered by the Court.

22). On February 17, 2009, Plaintiff's preliminary examination began within the 36th District Court. Both Defendant Russel and Hutting were present.

23). On April 30, 2009, Magistrate Ronald Giles dismissed the charges of First Degree Premeditated Murder and Felony Firearm but bound Plaintiff St. Ann over on the charges of Uttering and Publishing and False Application For State Identification. Defendants Hutting and Russel were present at Plaintiff's preliminary examination.

24). The Court found that there was insufficient evidence to bind over on the two charges, noting: "Then-as to the homicide first degree premeditated, there has to be some evidence that the defendant did actually kill or was involved in the killing of the deceased Mr. Jones. In this case, although I hate to put it this way, in my gut, I may feel the defendant is intimately involved in the killing of Mr. Jones, it was not presented. The motive is there without a doubt,

way beyond any issues of probable cause and also the opportunity, but then that's where it stops. We don't know what happened or how Mr. Jones got to the location where he was killed at and there's nothing on the record that shows this defendant was with him when that occurred, so the Court cannot bind over on Count one or Count two, the felony firearm." (PE, 04/30/09, 20-21).

25). See Order of Dismissal entered by Magistrate Giles. See Appendix (1). Afterwards, Plaintiff's bond was reduced from $1,000,000.00 to $1,000.00. See Motion To Reduce Bond. See Appendix (2).

26). After the charges of First Degree Premeditated Murder and Felony Firearm were dismissed at Plaintiff's preliminary examination by Magistrate Giles, Defendant Hutting subsequently left the 36th District Court and went "forum-shopping" in the Third Circuit Court in an attempt to have the information concerning the nonexistent charges of First Degree Murder and Felony Firearm arbitrarily reinstated against Plaintiff St. Ann.

27). On May 8, 2009, Defendant Hutting went to an unknown judge in the Third Circuit Court and asked her to reinstate the charges of First Degree Murder and Felony Firearm. This unknown judge became extremely upset and indignant by Defendant Hutting's request to just arbitrarily reinstate the charges of First Degree Murder and Felony Firearm. The unknown judge further explained to Defendant Hutting that she did not have the legal authority or power to just arbitrarily reinstate the charges against Plaintiff St. Ann without a bind over from Magistrate Giles, a return being filed, and without Plaintiff St. Ann being charged in the information regarding the murder and gun charges. The unknown judge then verbally scolded Defendant Hutting and ordered him to leave her courtroom.

19.

28). However, as noted within Plaintiff's Register of Actions, this visit to the unknown judge on May 8, 2009 was never documented within his ROA or transcripts. See Trial Court ROA. See Appendix (3).

29). Immediately after leaving the unknown judge's courtroom, Defendant Hutting went to Third Circuit Court judge, Margie R. Braxton and asked her to reinstate the charges of First Degree Murder and Felony Firearm. Judge Braxton declined Defendant Hutting's request and submitted a "blind draw" to have Plaintiff's case submitted to another judge.

30). On July 10, 2009, Plaintiff St. Ann was brought before Third Circuit Court judge, Thomas E. Jackson. A Goecke motion/hearing was held by Defendant Hutting before Defendant Jackson to determine whether Magistrate Giles had abused his discretion in dismissing the information regarding the charges of First Degree Murder and Felony Firearm.

31). Defendant Jackson agreed. Defendant Jackson found that "the logic of the district court was flawed and was an abuse of discretion." See Defendant Jackson's Order Granting Prosecution's Motion To Reinstate Charges. See (Appendix4; Order, 07/10/09, 2-3).

32). Durning the "Goecke hearing", Plaintiff St. Ann's counsel, Carl Jordan, tried to explain to Defendant Jackson that he did not have the legal authority under both Michigan and United States Supreme Court precedent to just arbitrarily reinstate the charges of First Degree Murder and Felony Firearm against Plaintiff St. Ann without a bindover from 36th District Magistrate, Ronald Giles, without a return ever being filed, without Plaintiff St. Ann ever being legally or lawfully

charged under an information or an indictment, without properly establishing probable cause regarding the elements of First Degree Premeditated Murder and Felony Firearm, and without going through the proper legal or Constitutional procedures of due process in order to legally and lawfully acquire subject matter jurisdiction over Plaintiff St. Ann's case. See (Motion Tr. p. 16-17, 07/10/09).

33). Defendant Jackson was contumacious to defense counsel's legal arguments/ logic, Plaintiff's Constitutional rights, and Human Rights as an American citizen. On July 10, 2009, durning the Goecke hearing, Defendant Jackson stated: "As I said earlier, though perhaps in a cynical kind of way, if it was required that everytime somebody murdered someone that there be direct evidence that someone was actually there, they couldn't be held liable, then they probably would have to close down the prosecution's office on murder cases..." (Motion Tr. p. 18, 07/10/09).

34). Defendant Jackson arbitrarily, illegally, and unlawfully reinstated the charges of First Degree Premeditated Murder and Felony Firearm against Plaintiff St. Ann in violation of MCR 6.110(F)(G)(H), and without the following legal forms from 36th District Magistrate, Giles: (1) the New Warrant and Complaint, (2) the Return on Information, (3) the Felony Register of Actions, (4) the Bind Over Transfer After Preliminary Examination Forms, and (5) 36th District Magistrate Giles' Felony Warrant and Bind Over.

35). Plaintiff St. Ann was never remanded back to the 36th District Court before Magistrate Giles or any other judicial officer as required under MCR 6.110(F)(H) or MCL 767.1. As shown within Plaintiff's Trial Court Register of Actions,

Plaintiff St. Ann was only bonded over on the noncapital felonies of Uttering and Publishing and False Application For State Identification. See Trial Court ROA. See Appendix (3).

36). Defendant Jackson illegally and unlawfully reinstated the murder and gun charges under the pretext of a Goecke hearing/motion. See MCLA/MSA chart demonstrated within the F.B.I. Fact Sheet regarding the statutory charges of First Degree Premeditated Murder and all other overlapping (related) offenses that fall under the capital charges of First Degree Premeditated Murder. See F.B.I. Fact Sheet. See Appendix (5).

37). In short, before the hoax trial began in the Third Circuit Court, Plaintiff St. Ann was never given any notice on the amended information regarding the nonexistent charges of First Degree Premeditated Murder and Felony Firearm concerning the elements of the murder and gun charges or regarding the prosecutor's theory of the crimes concerning these charges.

38). Defendants Hutting and Jackson did not give Plaintiff St. Ann an arraignment or any type of "notice" pursuant to MCR 6.112(D), MCR 6.113(A), MCR 6.113(B), MCR 6.113(C), or his Sixth Amendment Constitutional right to be notified by the Court concerning why he was being charged with the nonexistent charges of First Degree Premeditated Murder and Felony Firearm from the onset.

39). On July 21, 2009, durning the Final Conference, Defendant Jackson tried to coerce and intimidate Plaintiff St. Ann into pleading guilty to the nonexistent charges of Second Degree Murder and Possession of Felony Firearm.

40). On August 17, 2009, the first day of Plaintiff St. Ann's hoax trial, Defendant Jackson lied to the jury and manipulated them by explaining to them

that the reason that Plaintiff St. Ann was at trial from the onset was due to the fact that 36th District Magistrate, Ronald Giles, had found evidence by a probable cause standard and therefore had bound him over for trial.

41). On August 17, 2009, Defendant Jackson informed the jurors that, "...Normally if someone is arrested for a crime, if it's a misdemeanor offense, it stays there in the district court. If it's a felony charge, they do the preliminary matters to decide whether or not there is at least the minimum enough evidence for it to be bound over to be heard at the circuit court. That's where we are right now." See (Trial Transcript, Volume I, p. 4, 8/17/09). See Appendix (6).

42). On August 17, 2009, just moments after making these extra judicial statements from an extra judicial source, while still instructing the jury, Defendant Thomas E. Jackson made an appeal to the jurors' civic duty to convict Plaintiff St. Ann due to the problems of crime and social ills within the city of Detroit, Wayne County, and the entire world.

43). Defendant Jackson further stated to the jury that "I recognize after being here twenty plus years of dong this, certainly jury duty is not something that people want to do. And I know that it's even fashionable to try to find ways to avoid jury duty or say things that would seek to seek to eliminate you as juros. I hope no one wants to play that game here today. It's not fair to others who take seriously that responsibility of being a juror and being part of the process that's involved with that."

44). Defendant Jackson further stated that "...so often we have persons complain about what is going on in the city, the county, the world, whatever, and they are the ones that sit back and do nothing and don't participate as they should..."

See (Trial Transcripts, p. 8, Volume I, 8/17/09). See Appendix (7).

45). During the entire time of Plaintiff St. Ann's hoax trial, Defendant Olsen, with the assistance of Defendant Russel, not only assisted both Defendants Hutting and Thomas E. Jackson in prosecuting Plaintiff St. Ann under a fraudulent information concerning the nonexistent charges of First Degree Murder and Felony Firearm, but they deliberately lied to the entire jury by using documents from a separate crime that had occurred four months after the decedent had been murdered.

46). On August 20, 2009, Plaintiff St. Ann was found guilty of the nonexistent charges of First Degree Premeditated Murder and Felony Firearm and four counts of Uttering and Publishing and one count of False Application For State Identification.

47). On September 16, 2009, Plaintiff St. Ann was sentenced before Defendant Thomas E. Jackson and sentenced to the MDOC under the unconstitutional statutes of First Degree Premeditated Murder and Felony Firearm. Plaintiff St. Ann was sentenced to Life In Prison Without the Possibility of Parole.

48). After Plaintiff St. Ann was convicted and sentenced, both Defendants Hutting and Jackson forged, altered, and doctored court documents in an attempt to cover-up their crimes, the criminal conspiracy that had occurred against Plaintiff St. Ann, and the multiple Human Rights violations that occurred against Plaintiff St. Ann as a result of being kidnapped under color of law as well as malicious prosecution, arbitrary detention, and forced disappearance and forced abduction.

49). Furthermore, the Judgment of Sentence, Register of Actions, Claim of Appeal and Order Appointing Counsel form, and MDOC Basic Information Report were forged,

altered, and doctored with misinformation. From count one to count ten, the nonexistent charges of First Degree Premeditated Murder and Felony Firearm were conjoined with the charges of Uttering and Publishing and False Application For State Identification in order to create the planned illusion of a false appearance that all of these charges/crimes arose out of a single criminal act, occurence, episode, and transaction."

50). Defendants Hutting, Jackson, Olsen, and Russel further forged and doctored the above mentioned court documents with misinformation by listing all of the dates of the crimes to the date of March 25, 2007.

51). See Trial Court ROA. See Appendix (3). See Claim of Appeal and Order Appointing Counsel form. See Appendix (8). See Judgment of Sentence. See Appendix (9). See MDOC Basic Information Report. See Appendix (10).

52). The Presentence Investigator who conducted the Presentence Investigation Report also noted that Count one and Count two, the murder and gun charges, had been dismissed by 36th District Magistrate, Ronald Giles, but that Plaintiff St. Ann was still sent to trial and found guilty of the nonexistent charges of First Degree Premeditated Murder and Felony Firearm. See (MDOC Presentence Investigation Report, p. 2, 9/10/09). See Appendix (11).

53). Around January of 2010, Defendant Rust visited Plaintiff while in prison at URF to discuss his appeal. While in the visiting room, Plaintiff St. Ann asked Defendant Rust, "How could they just arbitrarily reinstate those charges against me without judge Giles ever binding me over or charging me in the information? And how could they find me guilty of First Degree Murder and Felony Firearm with

absolutely no evidence whatsoever?"

54). Defendant Rust responded, "Because you did it!"

55). On March 16, 2010, Defendnat Rust filed Plaintiff St. Ann's appeallant brief on direct appeal within the Michigan COA.

56). Defendant Rust stated within the Statement of Facts of Plaintiff's brief that Plaintiff had been, "...charged within the Information with First Degree Premeditated Murder, MCL 750.316, and Felony Firearm, MCL 750.227b..." See (Defendant Rust's Statement of Facts filed on Direct Appeal, p. 2, 3/16/10). See Appendix (12).

57). Defendant Rust further stated within the Statement of Facts that "It was alleged that on or about March 25, 2007, in the City of Detroit, County of Wayne State of Michigan defendant did, with premeditation and deliberation while armed with a weapon, murder Gary Jones, did publish as true several checks knowing they were false, and did falsely represent information for a state personal identification card." See (Defendant Rust's Statement of Facts on Direct Appeal, p. 2, 3/16/10). See Appendix (12).

58). Defendant Rust next admitted Plaintiff St. Ann's "involvement in an insurance scam that involved Mr. Jones." See Brief filed on Direct Appeal/ Statement of Facts filed by Defendant Rust. See (Brief on Appeal, p. 15) See Appendix (12).

59). The panel within the Michigan COA used this statement made by Defendant Rust on direct appeal as part of their analysis, reasoning, and decision for Plaintiff's guilt regarding the nonexistent charges of First Degree Premeditated

Murder and Felony Firearm. Moreover, the COA stated, "On appeal, he even admits to being 'involved in an insurance fraud scam which involved [Jones].'" See (Michigan COA decision, p. 4, 11/10/10). See Appendix (13).

60). Defendant Rust deliberately abandoned Plaintiff St. Ann's Oral Argument on direct appeal. On March 23, 2010, Defendant Rust was informed by Administrative Motion of Oral Argument being lost. See Letter from the Michigan COA Clerk's Office. See Appendix (14).

61). On December 28, 2011, Plaintiff St. Ann mailed his 6.500 Motion to both the Third Circuit Court and the Wayne County Prosecutor's Office. See Expedited Legal Mail form. See Appendix (15). See Expedited Legal Mail form. See Appendix (16).

62). Durning the entire six months that Plaintiff's 6.500 Motion was pending in the Third Circuit Court, Plaintiff St. Ann never received any responses regarding confirmation of receipt that Defendant Jackson had received his 6.500 Motion. Plaintiff St. Ann wrote to the Third Circuit Court over ten times but never received a response.

63). Around March of 2018, Plaintiff filed a complaint against Defendant Jackson with the Judicial Tenure Commission regarding his role in the multiple Constitutional violations, Human Rights violations, and his participation in the multiple federal criminal civil rights violations and criminal conspiracy that occurred against Plaintiff St. Ann.

64). On June 12, 2012, the Judicial Tenure Commission sent Plaintiff a letter explaining to him that they had completed their investigation and that "The Commission's jurisdiction is limited to determing whether there is evidence of

27.

judicial misconduct." They further stated, "Accordingly, the file in this matter has been closed." See Letter from Judicial Tenure Commission. See Appendix (17).

65). On June 23, 2012, Plaintiff wrote to the Clerk's Office at the Michigan COA asking the Clerk to investigate Defendant Jackson's failure to respond to his letters. On June 28, 2012, the COA informed Plaintiff St. Ann that Defendant Jackson hadn't filed his 6.500 Motion until March 12, 2012 and that his case had been decided on June 12, 2012. See Letter from District Clerk of the Michigan COA. See Appendix (18).

66). Within his order Denying Motion For Relief From Judgment, Defendant Jackson lied by stating that Plaintiff St. Ann was convicted of being a, "Felon in Possession of a Firearm MCL 750.227b..." See (Order Denying Motion For Relief From Judgment, p. 1, 6/12/12). See Appendix (19).

67). Plaintiff St. Ann was never charged or convicted with any felonies prior to his incarceration regarding the nonexistent charges of First Degree Premeditated Murder and Felony Firearm and Uttering and Publishing and False Application for State Identification. See (MDOC Presentence Investigation Report, p. 1, 9/10/09). See Appendix (11).

68). On December 6, 2012, Plaintiff St. Ann was assaulted by officer Mark Richard at Saginaw Correctional Facility. See Step One Grievance Response. See Appendix (20).

69). As a result of being assaulted by correctional officer, Mark Richard, Plaintiff St. Ann sustained multiple injuries all over his body. See Kite Response from MDOC Health Care. See Appendix (21).

70). As a result of reporting Officer Mark Richard to his superiors and filing an institutional grievance within the MDOC, Plaintiff St. Ann began experiencing "malicious campaign of harassment" from various personnel at SRF.

71). Plaintiff St. Ann's mother then filed a criminal complaint with the Michigan State Police to conduct a criminal investigation into staff members at SRF. See Letter from Michigan State Police. See Appendix (22).

72). An employee of SRF then arranged for and orchestrated events for Plaintiff St. Ann to be assaulted by another inmate. See Affidavit of Dominic Norman. See Appendix (23). See Three Letters from Saginaw County Prosecutor's office. See Appendix (24). See also Affidavit of Nicholas Richards who witnessed the aftermath of the assault. See Appendix (25).

73). As a result of the prolonged, continuous malicious campaign of harassment, Plaintiff St. Ann had to file a lawsuit for retaliation and intentional infliction of emotional distress. See Order Granting Motion To Appoint Counsel. See Appendix (26).

74). Around November of 2016, Plaintiff St. Ann's mother contacted the Judicial Tenure Commission asking for a copy of all investigative files regarding past misconduct of Defendant Thomas E. Jackson.

75). On February 16, 2017, the Judicial Tenure Commission sent Plaintiff St. Ann's mother a letter denying her request. See Letter from Judicial Tenure Commission. See Appendix (27).

76). On March 22, 2017, Plaintiff St. Ann's mother wrote to the Assistant Attorney General at the U.S. D.O.J., Criminal Division, requesting information regarding how to file a complaint/request for criminal investigation. See Letter from A.G. at the U.S. D.O.J. See Appendix (28).

77). On April 10, 2017, Plaintiff's mother received a letter from the Attorney General's Office in the state of Michigan referring her to the U.S. A.G. within the city of Detroit. See Letter from U.S. A.G.'s Office. See Appendix (29).

78). On March 21, 2017, Plaintiff's mother received a letter from the United States Attorney's Office directing her to the F.B.I. See Letter sent from U.S. A.G.'s Office. See Appendix (30).

79). On or around November of 2017, Plaintiff St. Ann's mother filed a complaint with the U.S. D.O.J. Criminal Division, to request a criminal investigation.

80). On March 23, 2018, Plaintiff St. Ann's mother received a brochure/packet explaining how to file a complaint/request for investigation with the F.B.I. See Packet sent from Federal Bureau of Investigation. See Appendix (31).

81). On September 30, 2018, Plaintiff St. Ann's mother received a packet from the Inter-American Commission on Human Rights explaining how to file a Petition/ request for investigation regarding Human Rights violations. See Packet sent from the IACHR. See Appendix (32).

82). On October 1, 2017, Plaintiff's mother filed a motion/F.O.I.A. request requesting Plaintiff's discovery file from the City of Detroit Law Department.

83). On November 8, 2017, the City of Detroit Law Department responded in a letter stating, "Your request is denied...for the reason that based on information provided by the Detroit Police Department (DPD) Personnel, it is our understanding that the Detroit Police Department does not possess any record that corresponds to the description in your request. Specifically, a computer search for Mr. St. Ann's name was conducted and no records could be located." See Letter from City of Detroit Law Department. See Appendix (33).

84). In a nutshell, the Detroit Police Department informed Plaintiff St. Ann's mother that Plaintiff St. Ann wasn't in prison within the MDOC, had never been convicted or sentenced for the charges of First Degree Premeditated Murder and Felony Firearm and Uttering and Publishing and False Application For State Identification, and that there were no records within their database of Plaintiff St. Ann within their computer system.

85). However, the Detroit Police Department allowed an inmate's brother to purchase his discovery files by the name of Calvin Ray Enos, Prison No. 160335. See Affidavit of Calvin Ray Enos. See Appendix (34). See also Three-Page Letter from the City of Detroit Law Department to Mr. Enos' brother, Marcus Enos. See Appendix (35).

86). On January 5, 2018, Defendant Kym Worthy established the Conviction Integrity Unit (CIU) which acts as an innocence project in order to review murder cases regarding actual innocence.

31.

87).  On April 9, 2018, Plaintiff St. Ann received a letter from the CIU explaining to him that they had received his, "completed application and supporting documents regarding his claim of innocence." See Letter from CIU. See Appendix (36).

88).  On June 11, 2018, Plaintiff St. Ann received another letter from the CIU. See Appendix (37).

89).  As a direct and proximate result of Defendants' criminal acts against Plaintiff, Plaintiff St. Ann is now currently serving a void sentence and judgment that's based on fraud regarding the charges of First Degree Premeditated Murder and Felony Firearm and is currently being illegally and unlawfully and arbitrarily detained within the MDOC against his will and has experienced torture, cruel inhuman and degrading treatment as well as other Constitutional/ Human Rights violations.

90).  As a direct and proximate result of Defendants' criminal acts committed under color of law, their conduct has deprived Plaintiff St. Ann of his Constitutional rights, privileges, and immunities secured by the Bill of Rights Equal Protection Due Process Claus, Customary and International law.

CLAIMS FOR RELIEF

COUNT ONE

MALICIOUS PROSECUTION/ARBITRARY ARREST/ARBITRARY DETENTION/FALSE
ARREST/KIDNAPPING UNDER COLOR OF LAW/CONSPIRACY AGAINST RIGHTS.

Plaintiff restates paragraphs 20-90, as though stated fully:

91). The Defendants Kym Worthy and Augustus W. Hutting wantonly, recklessly,
and maliciously prosecuted Plaintiff St. Ann without probable cause, information,
indictment, notice, bind over, or without any kind of procedural or substantive
due process as an American citizen which violated Plaintiff's Fourth, Fifth,
Eighth, and Fourteenth Amendment rights to due process of law. Moreover,
Plaintiff St. Ann is the victim of malicious prosecution and state-sponsored
kidnapping where, Plaintiff St. Ann, after he was exonerated and discharged
from custody regarding the nonexistent charges of First Degree Premeditated
Murder and Felony Firearm in the 36th District Court, the court of competent
jurisdiction, the Wayne County Assistant Prosecutor, Augustus W. Hutting, who
was acting under direction of District Attorney, Kym Worthy, continued to harass
and prosecute Plaintiff St. Ann, left the 36th District Court, went forum-
shopping in the Third Circuit Court, and eventually found a judge to illegally
and unlawfully reinstate the nonexistent charges of First Degree Premeditated
Murder and Felony Firearm under a fraudulent information and prosecuted Plaintiff
St. Ann under the unconstitutional statutes of First Degree Premeditated Murder
and Felony Firearm in violation of his Fifth Amendment rights to be protected

33.

against Double Jeopardy under the doctrine of res judicata and collateral estoppel.

92).  Plaintiff St. Ann is suing Defendants Kym Worthy and Augustus W. Hutting for the following Constitutional/Human Rights violations: (1) malicious prosecution, (2) arbitrary arrest, (3) false arrest, (4) arbitrary detention, (5) forced disappearance and forceful abduction, (6) prolonged arbitrary detention, (7) civil conspiracy, (8) conspiracy to violate Plaintiff's federal rights, (9) kidnapping under color of law, (10) torture, cruel inhuman and degrading treatment, (11) state-sponsored kidnapping, (12) libel, slander, and defamation of character, (13) intentional infliction of emotional distress, and (14) personal injuries and assaults that Plaintiff has incurred as a direct result of his false imprisonment/arbitrary detention within the MDOC caused by negligent and wrongful acts/omissions which have been caused by both Defendants Kym Worthy and Augustus W. Hutting while acting within the scope of their employment while working for the Wayne County Prosecutor's Office.


### COUNT TWO

#### ARBITRARY DETENTION/KIDNAPPING UNDER COLOR OF LAW/CONSPIRACY TO VIOLATE PLAINTIFF'S FEDERAL RIGHTS/STATE-SPONSORED KIDNAPPING/TORTURE, CRUEL INHUMAN AND DEGRADING TREATMENT.


Plaintiff St. Ann restates paragraphs 20-90, as though stated fully:

34.

93).  Defendant Thomas Edward Jackson, Third Circuit Court judge for the
County of Wayne, is being sued for his role for violating Plaintiff St. Ann's
Fourth, Fifth, Eighth, and Fourteenth Amendment rights to due process and Equal
Protection. Accordingly, Defendant Jackson is being sued for aiding and abetting
Defendants Worthy, Hutting, Olsen, Russel, and John Doe#1 in the conspiracy to
violate Plaintiff St. Ann's Human Rights pursuant to the Alien Tort Statute
28 U.S.C. Section 1350.

Defendant Thomas E. Jackson is also being sued for his role in the forced
disappearance and forced abduction of Plaintiff St. Ann in addition to arbitrary
detention, prolonged arbitrary detention, torture, cruel, inhuman and degrading
treatment, conspiracy against rights, kidnapping under color of law, civil
conspiracy, conspiracy to violate Plaintiff St. Ann's federal rights, state-
sponsored kidnapping, libel, slander, and defamation of character, and for
acting outside the scope of his role as a judge and subject matter jurisdiction,
where he coprosecuted Plaintiff St. Ann at a hoax trial, under a fraudulent
information, under the unconstitutional statutes of first degree premeditated
murder and felony firearm, in violation of Plaintiff St. Ann's Fifth Amendment
rights to be protected against Double Jeopardy under the doctrine of res
judicata and collateral estoppel.

Accordingly, Defendant Thomas E. Jackson is also being sued for coprosecuting
Plaintiff St. Ann under color of law by wantonly, recklessly, and maliciously
prosecuting Plaintiff St. Ann without an information, indictment, probable cause,
personal jurisdiction, subject matter jurisdiction, a bind over or return ever

35.

being filed by 36th District Magistrate, Ronald Giles, any procedural or
substantive due process or "notice", and for manipulating and deliberately lying
to members of the jury and for rallying and calling on the jurors' civic duty
to convict Plaintiff St. Ann at a hoax trial that he was never supposed to
have gone to from the onset. Defendant Jackson also conspired with Defendant
Hutting where he forged/doctored court documents and files in order to cover-up
his federal criminal civil rights violations and multiple Human Rights
violations.

94).  As a direct and proximate result of Defendant Jackson violating Plaintiff
St. Ann's Fourth, Fifth, Eighth, and Fourteenth Amendment rights to due process,
and Equal Protection and also violating Plaintiff's Human Rights under both
Customary and International law, Plaintiff St. Ann is currently serving a void
sentence and judgment that's based on fraud under the unconstitutional statutes
of First Degree Premeditated Murder and Felony Firearm. Consequently, this has
contributed to Plaintiff St. Ann's arbitrary detention, forced disappearance
and forceful abduction, torture, cruel inhuman and degrading treatment, civil
conspiracy, prolonged arbitrary detention, kidnapping under color of law, and
state-sponsored kidnapping which is contumacious and abominable to the Bill of
Rights of the United States Constitution Equal Protection Due Process Clause,
United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading
Treatment or Punishment, Universal Declaration of Human Rights, American
Convention on Human Rights, American Declaration of the Rights and Duties of
Man, Inter-American Human Rights Treaties, and Article XIV of the Inter-

American Convention on Forced Disappearance of Persons.

In conclusion, Defendant Jackson is being sued for the personal assaults and injuries that Plaintiff St. Ann has incurred as a direct and proximate result of Defendant Jackson illegally and unlawfully placing Plaintiff St. Ann within the MDOC around violent criminals and while acting under color of state law, within the scope of his office and employment as a judge within the Third Circuit Court, negligent wrongful acts/omissions.

COUNT THREE

MALICIOUS PROSECUTION/ARBITRARY ARREST/ARBITRARY
DETENTION/FRAUDULENT WARRANT AND COMPLAINT.

Plaintiff St. Ann restates paragraphs 20-90, as though stated fully:

95). Plaintiff St. Ann is suing Defendants Donald Olsen and Michael Russell for malicious prosecution, arbitrary arrest, false arrest, arbitrary detention, civil conspiracy, conspiracy against rights, conspiracy to violate Plaintiff St. Ann's federal rights, kidnapping under color of law, state-sponsored kidnapping, prolonged arbitrary detention, libel, slander, and defamation of character, and torture, cruel inhuman and degrading treatment. Plaintiff St. Ann is also suing Defendants Olsen and Russell for personal injuries, assaults, and PTSD that he has incurred as a result of his false imprisonment/arbitrary detention within the MDOC caused by negligent and wrongful acts/omissions which

37.

have been caused by both Defendants Olsen and Russel while acting within the scope of their office and employment while working for the Detroit Police Department.

96). As a direct and proximate result of Defendants Olsen and Russel's criminal acts which has violated Plaintiff St. Ann's Human Rights, Plaintiff St. Ann is currently being illegally and unlawfully detained within the MDOC where both Defendants Olsen and Russel, with the help of other Defendants, prosecuted Plaintiff St. Ann without information, indictment, under the unconstitutional statutes of First Degree Murder and Felony Firearm. And as a direct result of Defendants Olsen and Russel continuing to prosecute Plaintiff St. Ann in violation of his Fifth and Fourteenth Amendment rights to be protected against Double Jeopardy under the doctrine of res judicata and collateral estoppel, Plaintiff St. Ann is currently being arbitrarily detained within the MDOC and is currently serving a void judgment and sentence that's based on fraud regarding the nonexistent charges of First Degree Murder and Felony Firearm.


COUNT FOUR

ARBITRARY ARREST/ARBITRARY DETENTION/BLANKET WARRANT
AND COMPLAINT/FRAUDULENT WARRANT AND COMPLAINT.


Plaintiff St. Ann restates paragraphs 20-90, as though stated fully:

97).  Defendant John Doe#1, who works as a 36th District Magistrate, is being
sued for his role in issuing a fraudulent blanket warrant which led to Plaintiff
St. Ann's arbitrary arrest, false arrest, malicious prosecution, and forced
disappearance and abduction. In addition, this fraudulent warrant acted as the
precursor to Plaintiff's illegal and unlawful imprisonment and was devoid of
any conscious, overt action regarding Plaintiff St. Ann committing any crimes
regarding the charges of First Degree Premeditated Murder and Felony Firearm.
Furthermore, the blanket warrant consisted of nothing more than the
complainant's conclusion(s) that Plaintiff St. Ann, who was named in the
complaint, had perpetrated the offense that was described in the complaint which
was inadequate to support the issuance of an arrest warrant and violated
Plaintiff St. Ann's Fourth and Fourteenth Amendment right to be free from the
arbitrary loss of freedom at the hands of tyrannical government.

98).  As a direct and proximate result of John Doe#1 issuing the blanket warrant
for Plaintiff St. Ann's arrest, Plaintiff St. Ann has experienced the arbitrary
loss of his liberty Fourth and Fourteenth Amendment rights to due process
which has resulted in Plaintiff's arbitrary arrest, false arrest, arbitrary
detention, kidnapping under color of law, and state-sponsored kidnapping.


                              COUNT FIVE


             CIVIL CONSPIRACY/FORCED DISAPPEARANCE

Plaintiff restates paragraphs 20-90, as though stated fully:

99). Defendant John Doe#2, who works for the Detroit Police Department, is being sued for his role in aiding and abetting Defendants Hutting, Worthy, Olsen, Jackson, et al in an attempt to cover-up the above mentioned Human Rights violations, federal criminal civil rights violations, and the criminal conspiracy that has been perpetrated against Plaintiff St. Ann by Defendants Worthy, Hutting, Jackson, Olsen, John Doe#1, Russell, Craig, et al. Plaintiff St. Ann is suing John Doe#2 for arbitrary detention, forced disappearance, kidnapping under color of law, state-sponsored kidnapping, torture, cruel inhuman and degrading treatment, civil conspiracy, conspiracy to violate Plaintiff St. Ann's federal rights, prolonged arbitrary detention, and conspiracy against rights.

100). As a direct and proximate result of Detroit Police employee, John Doe#2, aiding and abetting the above Defendants in the criminal conspiracy, federal criminal civil rights violations, and multiple Human Rights violations, Plaintiff St. Ann is continuing to experience malicious prosecution, forced disappearance and forced abduction, arbitrary detention, kidnapping under color of law, and torture, cruel inhuman and degrading treatment, ect.


COUNT SIX


Plaintiff restates paragraphs 20-90, as though stated fully.

101). Defendant James Craig, who is Chief of Detroit Police Department, is being sued for intentional negligence and creating an atmosphere that is conducive of corruption and for his failure to properly train/discipline state government employees within the Detroit Police Department. Inasmuch, his subordinate, John Doe#2, an employee of the Detroit Police Department, is currently working in collusion with Defendants Worthy, Jackson, Hutting, Olsen, Russel, et al. in the forced disappearance of Plaintiff St. Ann and in an attempt to continue to cover-up the forced abduction, arbitrary arrest, arbitrary detention, kidnapping under color of law, malicious prosecution, state-sponsored kidnapping, torture, cruel inhuman and degrading treatment, and other federal crimes/Human Rights violations.

102). As a direct and proximate result of James Craig's intentional negligence, inadvertent malfeasance, and inability to properly train/discipline his employees within the Detroit Police Department-this has contributed to Plaintiff St. Ann's false imprisonment, arbitrary detention, kidnapping under color of law, forced disappearance and forced abduction, and torture, cruel inhuman and degrading treatment.

COUNT SEVEN

Plaintiff restates paragraphs 20-90, as though stated fully:

41.

103).   Defendants Paul J. Fisher and John Doe#3, who are/were employees of the
Judicial Tenure Commission have aided and abetted Defendants Worthy, Jackson,
and Hutting in an attempt to cover-up the forced abduction, forced disappearance,
kidnapping under color of law, criminal conspiracy, torture, cruel inhuman and
degrading treatment, and other federal crimes/Human Rights violations. Plaintiff
St. Ann is suing Defendants John Doe#3 and Paul J. Fisher for conspiracy to
violate Plaintiff's federal rights, civil conspiracy, conspiracy against rights,
arbitrary detention, prolonged arbitrary detention, forced disappearance
and forced abduction, torture, cruel inhuman and degrading treatment, kidnapping
under color of law, and state-sponsored kidnapping. Plaintiff St. Ann is also
suing for intentional negligence.

104).   As a direct result of Defendants Paul J. Fisher and John Doe#3 aiding
and abetting in the cover-up of Defendants Worthy, Hutting, Jackson, Olsen,
Russel, et al. regarding the criminal conspiracy and multiple federal criminal
civil rights violations, Plaintiff St. Ann is continuing to experience the
above Constitutional/Human Rights violations.

<u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiff request this Honorable Court:

(A). Award compensatory damages to Plaintiff against Defendants Kym Worthy and Augustus W. Hutting for an amount in excess of $250,000,000.00, as to count one.

(B). Award punitive damages to Plaintiff against Defendants Worthy and Hutting for an amount in excess of $250,000,000.00, as to count one.

(C). Award compensatory damages to Plaintiff against Defendant Thomas E. Jackson for an amount in excess of $125,000,000.00, as to count two.

(D). Award punitive damages to Plaintiff against Defendant Thomas E. Jackson for an amount in excess of $125,000,000.00, as to count two.

(E). Award compensatory damages to Plaintiff against Defendants Donald Olsen and Michael Russel for an amount in excess of $250,000,000.00, as to count three.

(F). Award punitive damages to Plaintiff against Defendants Donald Olsen and Michael Russel for an amount in excess of $250,000,000.00, as to count three.

(G). Award compensatory damages to Plaintiff against Defendant John Doe#1 for an amount in excess of $125,000,000.00, as to count four.

(H). Award punitive damages to Plaintiff against Defendant John Doe#1 for an amount in excess of $125,000,000.00, as to count four.

(I). Award compensatory damages to Plaintiff against Defendant John Doe#2 for an amount in excess of $25,000,000.00, as to count five.

(J). Award punitive damages to Plaintiff against Defendant John Doe for an amount in excess of $25,000,000.00, as to count five.

(K). Award compensatory damages to Plaintiff against Defendant James Craig for an amount in excess of $25,000,000.00, as to count six.

(L). Award punitive damages to Plaintiff against Defendant James Craig for an amount in excess of $25,000,000.00, as to count six.

(M). Award compensatory damages to Plaintiff against Defendant Paul J. Fisher for an amount in excess of $50,000,000.00, as to count seven.

(N). Award punitive damages to Plaintiff against Defendant Paul J. Fisher for an amount in excess of $50,000,000.00, as to count seven.

(O). Award compensatory damages to Plaintiff against Defendant John Doe#3 for an amount in excess of $50,000,000.00, as to count seven.

(P). Award punitive damages to Plaintiff against Defendant John Doe for an amount in excess of $50,000,000.00, as to count seven.

(Q). Award any other damages to Plaintiff that this Honorable Court deems just.

(R). Order the above named Defendants to pay fees, cost, and Court interest applicable to this claim.

(S).  Grant Plaintiff's motion to proceed In Forma Pauperis and direct the
United States Marshal's Service to effecuate service of Plaintiff's Complaint.

(T).  Issue a Declatory Judgment stating that:

   (1).  The actions of Defendants Worthy, Hutting, Jackson, Olsen, Russell,
Craig, et al. in kidnapping Plaintiff St. Ann under color of law and conspiring
to deny Plaintiff his Constitutionally protected rights to be free from the
above mentioned Constitutional/Human Rights violations violate the Fourth,
Fifth, Eighth, and Fourteenth Amendment rights to due process of the United
States Constitution regarding Plaintiff's Constitutional/Human Rights to
Equal Protection, Customary and International Law.

(U).  Issue a Declatory Judgment stating that:

   (1).  The actions of Defendants Worthy, Hutting, Jackson, Olsen, Russell,
Craig, et al. are cruel, inhuman, barbaric, atrocious, and contumacious to
modern, civilized Anglo-American law and society.

Dated: _November 28, 2018_

_David St. C_
David St. Ann, Pro Per
Prison No. 741290
Muskegon Correctional Facility
2400 Sheridan Drive
Muskegon, MI 49442

APPENDIX (1)

ORDER OF DISMISSAL

ORIGINAL — COURT
1st COPY — DEFENDANT
2nd COPY — PLAINTIFF

| STATE OF MICHIGAN 36TH DISTRICT COURT CRIMINAL DIVISION | ORDER OF DISMISSAL | CASE NO. 09-55393 |
|---|---|---|

**THE PEOPLE OF**  ☑ The State of Michigan
☐ City of Detroit
CTN: 82-09700854-01

Defendant name, address, telephone no.
*David a. Stone*

SID _____    DOB 9-21-82

v

1. At a session on __4-30-09__, Judge *Ronald Giles* , P. __38107__ presiding:
   Date                                                    Bar no.

2. (Court) (Prosecutor) (Defense) moves for dismissal of this case on the following ground(s)

   ☑ Insufficient evidence

   ☐ Complaining witness has failed to appear

   ☑ Complaining witness cannot be located

   ☐ Complaining witness refuses to prosecute

   ☐ Suppress the evidence

   ☑ Quash the information

   ☑ Defendent was sentenced on File _____ for _____

   ☑ Other _____

   By _____
      Prosecuting Official

   _____
   Defense Attorney

   ### ORDER OF DISMISSAL

IT IS HEREBY ORDERED THAT the above case be dismissed without prejudice.

_____
Judge of the 36th District Court

CTN: 82-09700854-01

APPENDIX (2)

MOTION TO REDUCE BOND

WHITE — COURT
CANARY — DEFENDANT
PINK — PLAINTIFF

| STATE OF MICHIGAN<br>36th JUDICIAL DISTRICT | MOTION TO REDUCE BOND | CASE NO.<br>09-553393 |
|---|---|---|

421 Madison, Detroit, MI 48226

Court Address                                                                 Court Telephone No.

| THE PEOPLE OF<br>☐ The State of Michigan<br>☐ The City of Detroit<br>F.N. 82-09700864-01 | **V** | Defendant's name, address, and telephone no.<br>David A. Brown |
| | | CTN | SID | DOB 9-21-82 |

## MOTION TO REDUCE BOND

I move for reduction of bail in the above district court case for the following reason(s):

Excessive

## ORDER GRANTING REDUCTION

On motion of the Defense Counsel and after review by the Court, IT IS HEREBY ORDERED that

the bail bond previously set by the Court is hereby reduced to a

☐ personal

☐ surety

☑ cash

bond in the amount of $ 1,000.00

4-30-09

Date

District Court Judge

CD 132 OR (5/88)

APPENDIX (3)

TRIAL COURT REGISTER OF ACTIONS

Logout My Account Search Menu New Case Search Refine Search Back        Location : Criminal Cases        Web Access Instruction Manual

## REGISTER OF ACTIONS
### CASE NO. 09-010620-01-FH

State of Michigan v David Anthony St. Ann

| | |
|---|---|
| | § |
| | § |
| | § |
| | § |
| | § |
| | § |
| | § |
| | § |

| | |
|---|---|
| Case Type: | **Noncapital Felonies** |
| Date Filed: | **04/30/2009** |
| Location: | **Criminal Division** |
| Case Number History: | **09055393-01** |
| | **09700854-01** |
| Case Tracking Number: | **09700854-01** |
| CRISNET/Incident No.: | **07-76** |

---

### PARTY INFORMATION

| | | | Lead Attorneys |
|---|---|---|---|
| **Appellate Attorney** | **Rust, Daniel J.** | | |
| **Defendant** | **St. Ann, David Anthony**  SID: MI2098092W  Other Agency Numbers  614995 Detroit Police Identification Number | Male Black  DOB: 09/21/1982 | **Carl Jordan**  *Retained*  (248) 358-6647(W) |
| **Plaintiff** | **State of Michigan** | | **Augustus W. Hutting**  (313) 224-5807(W) |

---

### CHARGE INFORMATION

**Charges: St. Ann, David Anthony**

| | | Statute | Level | Date |
|---|---|---|---|---|
| 1. | Homicide - Murder First Degree - Premeditated | 750316-A | . | 03/25/2007 |
| 2. | Weapons Felony Firearm | 750227B-A | . | 03/25/2007 |
| 3. | Uttering & Publishing | 750249 | . | 03/25/2007 |
| 4. | Uttering & Publishing | 750249 | . | 03/25/2007 |
| 5. | Uttering & Publishing | 750249 | . | 03/25/2007 |
| 6. | Uttering & Publishing | 750249 | . | 03/25/2007 |
| 7. | State Identification Card - False Application | 282931 | . | 03/25/2007 |
| 9. | Homicide - Murder First Degree - Premeditated | 750316-A | . | 03/25/2007 |
| 10. | Weapons Felony Firearm | 750227B-A | . | 03/25/2007 |

---

### EVENTS & ORDERS OF THE COURT

| | DISPOSITIONS |
|---|---|
| 02/05/2009 | **NULL Placeholder** (Judicial Officer: Anderson, Charles W., III)  1. Homicide - Murder First Degree - Premeditated  Defendant Stand Mute: Plea of Not Guilty Entered by Court |
| 02/05/2009 | **NULL Placeholder** (Judicial Officer: Anderson, Charles W., III)  2. Weapons Felony Firearm  Defendant Stand Mute: Plea of Not Guilty Entered by Court |
| 02/05/2009 | **NULL Placeholder** (Judicial Officer: Anderson, Charles W., III)  3. Uttering & Publishing  Defendant Stand Mute: Plea of Not Guilty Entered by Court |
| 02/05/2009 | **NULL Placeholder** (Judicial Officer: Anderson, Charles W., III)  4. Uttering & Publishing  Defendant Stand Mute: Plea of Not Guilty Entered by Court |
| 02/05/2009 | **NULL Placeholder** (Judicial Officer: Anderson, Charles W., III)  5. Uttering & Publishing  Defendant Stand Mute: Plea of Not Guilty Entered by Court |
| 02/05/2009 | **NULL Placeholder** (Judicial Officer: Anderson, Charles W., III)  6. Uttering & Publishing  Defendant Stand Mute: Plea of Not Guilty Entered by Court |
| 02/05/2009 | **NULL Placeholder** (Judicial Officer: Anderson, Charles W., III)  7. State Identification Card - False Application  Defendant Stand Mute: Plea of Not Guilty Entered by Court |

| 04/30/2009 | **Disposition** (Judicial Officer: Giles, Ronald) |
| |     1. Homicide - Murder First Degree - Premeditated |
| |         Dismissed |
| |     2. Weapons Felony Firearm |
| |         Dismissed |

| 08/20/2009 | **Disposition** (Judicial Officer: Jackson, Thomas E.) |
| |     3. Uttering & Publishing |
| |         Found Guilty by Jury |
| |     4. Uttering & Publishing |
| |         Found Guilty by Jury |
| |     5. Uttering & Publishing |
| |         Found Guilty by Jury |
| |     6. Uttering & Publishing |
| |         Found Guilty by Jury |
| |     7. State Identification Card - False Application |
| |         Found Guilty by Jury |
| |     9. Homicide - Murder First Degree - Premeditated |
| |         Found Guilty by Jury |
| |     10. Weapons Felony Firearm |
| |         Found Guilty by Jury |

| 09/16/2009 | **Prison Sentence** (Judicial Officer: Jackson, Thomas E.) |
| |     3. Uttering & Publishing |
| |         State Confinement: |
| |           Agency: Michigan Department of Corrections |
| |           Effective 09/16/2009 |
| |           Term: 2 Yr to 14 Yr |
| |           Credit for Time Served: 246 Days |
| |     4. Uttering & Publishing |
| |         State Confinement: |
| |           Agency: Michigan Department of Corrections |
| |           Effective 09/16/2009 |
| |           Term: 2 Yr to 14 Yr |
| |           Credit for Time Served: 246 Days |
| |     5. Uttering & Publishing |
| |         State Confinement: |
| |           Agency: Michigan Department of Corrections |
| |           Effective 09/16/2009 |
| |           Term: 2 Yr to 14 Yr |
| |           Credit for Time Served: 246 Days |
| |     6. Uttering & Publishing |
| |         State Confinement: |
| |           Agency: Michigan Department of Corrections |
| |           Effective 09/16/2009 |
| |           Term: 2 Yr to 14 Yr |
| |           Credit for Time Served: 246 Days |
| |     7. State Identification Card - False Application |
| |         State Confinement: |
| |           Agency: Michigan Department of Corrections |
| |           Effective 09/16/2009 |
| |           Term: 1 Yr to 5 Yr |

| 09/16/2009 | **Prison Sentence** (Judicial Officer: Jackson, Thomas E.) |
| |     9. Homicide - Murder First Degree - Premeditated |
| |         State Confinement: |
| |           Agency: Michigan Department of Corrections |
| |           Effective 09/16/2009 |
| |           Term: Natural Life |
| |     10. Weapons Felony Firearm |
| |         Fee Totals: |
| |           - Restitution |
| |           - Restitution |
| |           - Crime Victims Fee - (FEL) |
| |           - State Minimum Cost (FEL) |
| |         Fee Totals $ |
| |         State Confinement: |
| |           Agency: Michigan Department of Corrections |
| |           Effective 09/16/2009 |
| |           Term: 2 Yr to 2 Yr |
| |           Credit for Time Served: 246 Days |

Fee total amounts in right margin: $2,? · $ · $ · $2,?

| | **OTHER EVENTS AND HEARINGS** |
| 01/13/2009 | **Recommendation for Warrant** |
| 01/13/2009 | **Warrant Signed** |
| 02/05/2009 | **Interim Condition for St. Ann, David Anthony** |
| |     - Remand |
| |       $0.00 |

| Date | Event |
|---|---|
| 02/05/2009 | **Arraignment on Warrant** (9:00 AM) (Judicial Officer Anderson, Charles W., III) |
| | Parties Present |
| | Result: Defendant Stands Mute; Plea Of Not Guilty Entered By Court |
| 02/05/2009 | **Interim Condition for St. Ann, David Anthony** |
| | - Remand |
| | $0.00 |
| 02/17/2009 | *CANCELED* **Preliminary Examination** (9:00 AM) () |
| | *Adjourned:At The Request Of The Prosecution* |
| | *Adjourned:At The Request Of The Prosecution* |
| | *02/17/2009 Reset by Court to 02/17/2009* |
| 02/17/2009 | **To Waive 14 Day Rule** |
| 02/17/2009 | **Filed** |
| 03/12/2009 | *CANCELED* **Preliminary Examination** (9:00 AM) () |
| | *Adjourned:At The Request Of The Prosecution* |
| | *Adjourned:At The Request Of The Prosecution* |
| 03/12/2009 | **Appearances by a Retained Attorney Filed** |
| 03/12/2009 | **Signed and Filed** |
| 03/25/2009 | **Preliminary Examination** (9:00 AM) (Judicial Officer Giles, Ronald) |
| | Parties Present |
| | Result: In Progress |
| 03/25/2009 | **Appearances by a Retained Attorney Filed** |
| 03/27/2009 | **Preliminary Examination** (9:00 AM) (Judicial Officer Giles, Ronald) |
| | Parties Present |
| | Result: In Progress |
| 03/27/2009 | **Motion to Assign Counsel Filed/Signed** |
| 03/27/2009 | **Interim Condition for St. Ann, David Anthony** |
| | - Remand |
| | $0.00 |
| 04/03/2009 | **Preliminary Examination** (9:00 AM) (Judicial Officer Giles, Ronald) |
| | Parties Present |
| | Result: In Progress |
| 04/03/2009 | **Motion to Assign Counsel Filed/Signed** |
| 04/30/2009 | **Preliminary Examination** (9:00 AM) (Judicial Officer Giles, Ronald) |
| | Parties Present |
| | Result: Held; Bound Over |
| 04/30/2009 | **Appearances by a Retained Attorney Filed** |
| 04/30/2009 | **Bound Over** |
| 04/30/2009 | **Motion to Reduce Bond Filed/Granted** |
| 04/30/2009 | **Filed** |
| 04/30/2009 | **Filed** |
| 04/30/2009 | **Interim Condition for St. Ann, David Anthony** |
| | - Individual Cash Bond |
| | $1,000.00 |
| 05/07/2009 | **Scheduled AOI** |
| 05/08/2009 | **Arraignment On Information** (9:00 AM) (Judicial Officer Braxton, Margie R.) |
| | Parties Present |
| | Result: Held |
| 05/08/2009 | **AOI Plea** (Judicial Officer: Braxton, Margie R. ) |
| | *Defendant Stand Mute; Plea of Not Guilty Entered by Court* |
| 05/08/2009 | **Disposition Conference** (9:00 AM) (Judicial Officer Braxton, Margie R.) |
| | Parties Present |
| | Result: Held |
| 05/08/2009 | **Motion to Amend the Information** (Judicial Officer: Braxton, Margie R. ) |
| | *Filed* |
| 05/13/2009 | **Calendar Conference** (9:00 AM) (Judicial Officer Jackson, Thomas E.) |
| | Result: Held |
| 05/13/2009 | **Interim Condition for St. Ann, David Anthony** |
| | - Cash or Surety |
| | $1,000,000.00 |
| 05/14/2009 | **Order** (Judicial Officer: Jackson, Thomas E. ) |
| | *to correct name; Stann to St. Ann* |
| 06/16/2009 | **Final Conference** (9:00 AM) (Judicial Officer Jackson, Thomas E.) |
| | Result: Adjourned at the Request of the Defense |
| 06/19/2009 | **Final Conference** (9:00 AM) (Judicial Officer Jackson, Thomas E.) |
| | Result: Adjourned at the Request of the Defense |
| 07/10/2009 | **Motion Hearing** (9:00 AM) (Judicial Officer Jackson, Thomas E.) |
| | Result: Held |
| 07/10/2009 | **Motion to Reinstate** (Judicial Officer: Jackson, Thomas E. ) |
| | *motion to reinstate charges heard & granted* |
| 07/21/2009 | **Final Conference** (9:00 AM) (Judicial Officer Jackson, Thomas E.) |
| | Result: Held |
| 08/14/2009 | **Pre-Trial** (9:00 AM) (Judicial Officer Jackson, Thomas E.) |
| | Result: Held |
| 08/17/2009 | **Jury Trial** (9:00 AM) (Judicial Officer Jackson, Thomas E.) |
| | Result: In Progress |
| 08/18/2009 | **Jury Trial in Progress** (9:00 AM) (Judicial Officer Jackson, Thomas E.) |

| | |
|---|---|
| | Result: In Progress |
| 08/19/2009 | **Jury Trial in Progress** (9:00 AM) (Judicial Officer Jackson, Thomas E.) |
| | Result: In Progress |
| 08/20/2009 | **Jury Trial in Progress** (9:00 AM) (Judicial Officer Jackson, Thomas E.) |
| | Result: Held |
| 08/20/2009 | **Found Guilty By Jury** (Judicial Officer: Jackson, Thomas E. ) |
| 09/16/2009 | **Sentencing** (9:00 AM) (Judicial Officer Jackson, Thomas E.) |
| | Result: Held |
| 09/16/2009 | **Sentenced to Prison** (Judicial Officer: Jackson, Thomas E. ) |
| 09/30/2009 | **Order For Production Of Trial And Sentence Transcript** |
| | *melissa harding, se 9/16/09 jt 8/17,18,19,20/09* |
| 10/23/2009 | **Order For Production Of Transcript** |
| | *melissa harding, mo 7/10/09 fc 7/21/09* |
| 10/23/2009 | **Order For Production Of Transcript** |
| | *yvonne lownie, aoi 5/8/09* |
| 11/03/2009 | **Notice of Transcript Filed** |
| | *Melissa Harding;09-16-09;E** |
| | *Vol./Book 1 17 pages* |
| 11/11/2009 | **Motion** |
| | *To withdraw as appellate counsel, Judge Edward Ewell, Jr.* |
| 11/11/2009 | **Notice of Transcript Filed** |
| | *Melissa Harding;07-10,21-09;E** |
| | *Vol./Book 1 27 pages* |
| 11/11/2009 | **Notice of Transcript Filed** |
| | *Melissa Harding;08-17-09;E** |
| | *Vol./Book 1 234 pages* |
| 11/16/2009 | **Notice of Transcript Filed** |
| | *M. Yvonne Lownie;05-08-09;** |
| | *Vol./Book 1 7 pages* |
| 11/17/2009 | **Motion** |
| | *motion and order to withdraw as appellate counsel and appoint new counsel granted.* |
| 11/24/2009 | **Motion** |
| | *Modification of restitution* |
| 11/25/2009 | **Notice of Transcript Filed** |
| | *Melissa Harding;08-18-09;E** |
| | *Vol./Book 1 202 pages* |
| 12/11/2009 | **Notice of Transcript Filed** |
| | *Melissa Harding;08-19,20-09;E** |
| | *Vol./Book 2 228 pages* |
| 03/25/2010 | **Appellant Brief Due/Filed** |
| | *On appeal* |
| 11/09/2010 | **United States Court Of Appeals Affirms Trial Court** |
| 04/25/2011 | **Appointment for Claim of Appeal (Circuit)** |
| | *Denied* |
| 03/12/2012 | **Motion For Relief From Judgment** |
| 03/12/2012 | **Filed** |
| | *In Pro Per* |
| 06/12/2012 | **Order Denying Motion for Relief from Judgment Sgned & Filed** (Judicial Officer: Jackson, Thomas E. ) |
| 07/10/2012 | **CANCELED   Post Conviction** (9:00 AM) (Judicial Officer Jackson, Thomas E.) |
| | *Case Disposed/Order Previously Entered* |
| | *Case Disposed/Order Previously Entered* |

---

**FINANCIAL INFORMATION**

---

| | | | |
|---|---|---|---|
| | Defendant St. Ann, David Anthony | | |
| | **Total Financial Assessment** | | 2,429.00 |
| | **Total Payments and Credits** | | 833.66 |
| | **Balance Due as of 06/28/2012** | | **1,595.34** |
| 09/16/2009 | Transaction | | |
| | Assessment | | 2,429.00 |
| 03/30/2010 | Mail Payment | Receipt # 2010-08942 | St. Ann, David Anthony | (118.25) |
| 12/15/2010 | Mail Payment | Receipt # 2010-29451 | St. Ann, David Anthony | (102.51) |
| 03/22/2011 | Mail Payment | Receipt # 2011-06686 | St. Ann, David Anthony | (215.78) |
| 06/17/2011 | Mail Payment | Receipt # 2011-13347 | St. Ann, David Anthony | (109.56) |
| 09/15/2011 | Mail Payment | Receipt # 2011-19654 | St. Ann, David Anthony | (106.29) |
| 03/30/2012 | Mail Payment | Receipt # 2012-07527 | St. Ann, David Anthony | (181.27) |

APPENDIX (4)

ORDER GRANTING PROSECUTION'S MOTION TO

REINSTATE CHARGES

STATE OF MICHIGAN
THIRD JUDICIAL CIRCUIT
CRIMINAL DIVISION

THE PEOPLE OF THE STATE of MICHIGAN,
Plaintiff,                                    Case #09-010620-01

~~v~~

DAVID ST.ANN,
          Defendant.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## ORDER GRANTING PROSECUTION MOTION TO REINSTATE CHAR_GES

Presiding: Thomas E. Jackson
Judge, Third Judicial Circuit
**Entered July 10, 2009**

   Defendant was charged with first degree premeditated murder, MCL 7=50.316;
felony firearm, MCL 750.750.227b; four counts of uttering and publishing, M-1CL
750.249; and one count of giving false information in applying for a state identification
card, MCL 28.293(1).   A preliminary examination started on March 25, 200-9 and
continued on April 3, 2009. After the testimony of nine witnesses and the introduction of
several exhibits, the defendant proffered that the evidence did not support a b ind over.
Argument on issues of the bind over was adjourned to April 30, 2009. The district court
judge dismissed the murder and firearms charges. The prosecution, pursuant to *People v
Goecke*, 457 Mich 442 (1998), moves this court to reinstate the charges for reason that
the district court erred. This court agrees that the district court judge abused his
discretion. It is ordered that the charges of first degree murder and felony firearm be
reinstated.

   The prosecution's theory in this case is that the defendant concocted a  scheme to
be the beneficiary of insurance policies taken out in the name of the murder victim.  The
pertinent facts in this case show that, on March 5, 2007,  the deceased, Gary Jones,  age
19, was found dead on a Detroit street, having been shot six times. A half hour before he
was found, two witnesses testified that Jones left with the defendant, who the   witness had
seen before, and knew him by the name of Paul.  Two insurance policies were taken out
in the name of "Gary Jones".  One, with Jefferson National Life Insurance was done by
internet. The second one, Northwestern Mutual Life Insurance, was done with an agent.
The prosecution introduced evidence that connects the defendant to these insurance
policies.  Without going deeply into all the evidence introduced at the preliminary
examination, the evidence is that an insurance policy was taken out, allegedly by "Gary
Jones", where Jones makes his mother, Carolyn Jones the beneficiary. The insurance
agent who did the application said that on September 30, 2005, he met with the applicant

1

at a McDonald's restaurant. "Jones" provided the address of 18510 St. Aubin and a phone number of (313) 575-1930. The prosecution introduced evidence that this phone number was a Sprint cell number registered to the defendant between the dates of January 2005 and March of 2007. Carolyn Jones testified that her son, Gary Jones, was 19 years old, unmarried, unemployed, and lived with her at 14847 Hazelridge, Detroit, MI. She knew nothing about the insurance policy that named her as beneficiary.

In July, 2006, Northwestern Mutual, received a change of beneficiary form, changing the beneficiary from Carolyn Jones to "Steven J. Henry", saying "Henry" was Gary Jones' stepfather. Carolyn Jones testified that she does not know a "Steven J. Henry". On February 20, 2007, about a month before Gary Jones' murder, there is a second change of beneficiary. This change is from "Steven J. Henry" to "Willard Redding", saying Redding is Gary Jones " uncle. Carolyn Jones testified that Gary Jones does not have an uncle with that name. One day after this second beneficiary change with Northwestern Mutual, the other insurance company, Jefferson National Life receives a change in beneficiary. This changes the beneficiary from Carolyn Jones to "Willard M. Redding", giving this as an uncle; with the same social security number as the Northwestern Mutual change. Coincidently, the Jefferson National beneficiary form contained a witness' signature; that of the defendant, David St. Ann.

Less than two weeks after Jones' murder, a claim was submitted to Jefferson National Life, signed by "Willard Redding". The other company, Northwestern Mutual, also paid on that insurance policy in July 2007 by depositing $250,000 in a bank account and the bank sent blank checks to "Willard Redding" at the address of 18927 Westphalia Street, Detroit, Michigan. The defendant opened a Chase bank account on July 14, 2007. He gave the home address of 18927 Westphalia (same as that for Willard Redding in the insurance claim). One of the blank checks from the insurance claim was made out to the defendant in the amount of $3,500. He deposited this check and withdrew it all within ten days. On July 16, 2007, the defendant opened an account at another bank (LaSalle). In this account, the defendant deposited two checks: one for $3,500 and the other for $200,000 with his name as payee and signed by him. On the same date, July 16, 2007 the defendant used the name "Kaline Brown" to account at another Chase bank; using an identification card issued by the State of Michigan. The home address for this account, 4855 Beaconsfield, is the address that appears in the insurance death claim for Northwestern Mutual. The prosecution also had testimony from a Willard Redding, who testified that the defendant paid him to help with a life insurance policy ploy in 2004. Redding backed off and did not continue with the ploy. In 2007, Redding was with the defendant when Redding's wallet with identification, etc. was misplaced. In 2007, the defendant paid him $50.00 to set up a postal box (#15571) in his name.

The circumstantial evidence in this case and reasonable inferences drawn from the evidence are more than sufficient to justify bind over on the charge of first degree murder and felony fire arm. For example: Two witnesses saw the deceased leave with the

defendant less than thirty minutes before the deceased was found murdered.  The defendant denied that the defendant left with him.   Evidence showed that two insurance policies in the name of the deceased were set up. The evidence showed that the defendant was connected to the phony beneficiaries.   The defendant used addresses, names, and identifications that directly connect him with the phony beneficiary and the insurance death claims.   Shortly after the claims were paid, the defendant opened several bank accounts. He used checks connected to the insurance claim pay out to open accounts and name himself as the payee. These checks bear the signature of Willard Redding, who testified that he knew nothing about the insurance matters; that the defendant had access to his identification, and paid him to set up a postal box that was used in the insurance claims.

The essence of the abuse of discretion is demonstrated in the following statements by the district court judge: "***there is nothing on this record that puts [the defendant] on that corner on that street with a gun". (Page 14, April 30, 2009).

"****as to homicide first degree premeditated, there has to be some evidence that the Defendant did actually kill or was involved in the killing of the deceased Mr. Gary Jones. In this case, although I hate to put it this way, in my gut, I may feel the defendant is intimately involved in the killing of  Mr. Gary Jones, it was not presented. The motive is there without a doubt, way beyond any issues of probable cause and also the opportunity, but then that where it stops. We don't know what happened or how Mr. Jones got to the location where he was killed at and there's nothing on the record that shows this Defendant was with him when that occurred, so the court cannot bind over on count one or count two." (Page 20-21, April 30, 2009).

The logic of the district court judge is flawed and there is an abuse of discretion. The district court judge seems to require eye witness evidence that the defendant shot the victim. However, two witnesses testified that the deceased left with the defendant 30 minutes before he was found murdered. This circumstance in concert with all the evidence about the insurance policy and claims intricately ties the defendant to the murder of the victim. For reason stated and for such other reasons in the record, it is ordered that the charges of first degree murder and felony firearm are reinstated.

**SO ORDERED.**

Thomas E. Jackson
Judge, Third Circuit Court

3

APPENDIX (5)

F.B.I. FACT SHEET OF CHART REGARDING CHARGES OF

FIRST DEGREE PREMEDITATED MURDER AND ALL LESSER

INCLUDED OFFENSES.

# FBI FACT SHEET



| MCLA | MSA | |
|---|---|---|
| 750.316 | 28.548 | First-degree murder |
| 750.317 | 28.549 | Second-degree murder |
| 750.321 | 28.553 | Manslaughter (voluntary and |
| | | involuntary) |
| 750.329 | 28.561 | Manslaughter resulting from |
| | | a firearm aimed or pointed |
| | | intentionally but without |
| | | malice |
| 750.83 | 28.278 | Assault with intent to murder |
| 750.91 | 28.286 | Attempt to murder other |
| | | than assault |
| 750.84 | 28.279 | Assault with intent to do |
| | | great bodily harm |
| 750.86 | 28.281 | Assault with intent to maim |
| | | or disfigure |
| 750.82 | 28.277 | Assault with dangerous |
| | | weapon (felonious assault) |
| 752.861 | 28.436(21) | Careless, reckless or negligent |
| | | use of firearms |

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

1/6/14

APPENDIX (6)

TRIAL TRANSCRIPTS, VOLUME I, P. 4, 8/17/09

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CRIMINAL DIVISION

THE PEOPLE OF THE STATE OF MICHIGAN,

vs                                    Case No. 09-10620-01

DAVID ANTHONY ST. ANN,

        Defendant.

_____/

JURY TRIAL - VOLUME I OF IV

BEFORE THE HONORABLE THOMAS E. JACKSON, CIRCUIT JUDGE,

Detroit, Michigan - Monday, August 17, 2009


APPEARANCES:

For the People:          AUGUSTUS HUTTING, P24839
                         Assistant Prosecuting Attorney
                         1441 St. Antoine
                         Detroit, Michigan 48226
                         (313) 224-5777


For Defendant St. Ann: CARL JORDAN, P57226
                         26677 West 12 Mile Road
                         Southfield, Michigan 48034
                         (248) 358-6647

COURT REPORTING SERVICES
09 NOV 11 PM 12:20
FMHJ

REPORTED BY:  Melissa T. Harding, CSR 7138
              Certified Shorthand Reporter
              (313) 224-6998

Processed
Notice of Filing Sent
11-11-09
Clerk

1              THE COURT:  Let me say good morning to -- make

2     sure we've got everybody in here.

3              Let me say good morning to all.  To welcome you

4     to the Frank Murphy Hall of Justice, and particularly to

5     welcome you here to this courtroom, G-1.

6              My name is Thomas Edward Jackson.  I am one of

7     about sixty plus judges of the circuit court level.

8              Probably most of you are aware of the general

9     set up of the court system in Michigan.  Most cases, the

10    first court of impression, rather than the specialty

11    courts like juvenile and so forth, is the district court

12    in the city or township you might live in.  Anyone who

13    probably has had a traffic matter probably dealt with

14    that.  They also deal with landlord/tenant, misdemeanor

15    offenses.  And they deal preliminary with cases that

16    eventually get to this billing, the circuit court.

17    Normally if someone is arrested for a crime, if it's a

18    misdemeanor offense, it stays there in the district court.

19    If it's a felony charge, they do the preliminary matters

20    and decide whether or not there is at least the minimum

21    enough evidence for it to be bound over to be heard at the

22    circuit court.  That's where we are right now.

23             I am aware that you have been through the

24    orientation session earlier today and what that's all

25    about.  I've been there.  I was on jury duty, I think it

(4)

APPENDIX (7)

TRIAL TRANSCRIPTS, VOLUME I, P. 8, 8/17/09

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CRIMINAL DIVISION

THE PEOPLE OF THE STATE OF MICHIGAN,

vs                                    Case No. 09-10620-01

DAVID ANTHONY ST. ANN,

                    Defendant.

_____/

JURY TRIAL - VOLUME I OF IV

BEFORE THE HONORABLE THOMAS E. JACKSON, CIRCUIT JUDGE,

Detroit, Michigan - Monday, August 17, 2009

APPEARANCES:

For the People:          AUGUSTUS HUTTING, P24839
                         Assistant Prosecuting Attorney
                         1441 St. Antoine
                         Detroit, Michigan 48226
                         (313) 224-5777

For Defendant St. Ann: CARL JORDAN, P57226
                         26677 West 12 Mile Road
                         Southfield, Michigan 48034
                         (248) 358-6647

REPORTED BY:  Melissa T. Harding, CSR 7138
              Certified Shorthand Reporter
              (313) 224-6998

09 NOV 11  PM 12: 20
FHHJ
COURT REPORTING SERVICES

Processed
Notice of Filing Sent
11-11-09
Clerk

(1)

1    touch on your ability to be fair and impartial in a fair

2    and honest manner.  I recognize after being here twenty

3    plus years of doing this, certainly jury duty is not

4    something that people want to do.  And I know that it's

5    even fashionable to try to find ways to try to avoid jury

6    duty or to say things that would seek to eliminate you as

7    a juror.

8           I hope that no one wants to play that game here

9    today.  It's not fair to other persons who take seriously

10   that responsibility of being a juror and being a part of

11   the process that's involved with that.  So often we have

12   persons complain about what is going on in the city, the

13   county, the world, whatever, and they are the one's that

14   sit back and do nothing and don't participate as they

15   should.  Please understand this is an important process

16   and I hope you take it as such.

17          There are two ways in which a person may be

18   excused from being a juror in this particular trial.

19   There is something that we refer to as the challenge for

20   cause.  That's essentially where I make a determination

21   that someone should not be on this particular case.  It

22   might be because someone knows someone in such a way,

23   related to someone, some other kind of factor that might

24   make it impossible for that person to sit in this

25   particular case.  If that -- the other way is that the

APPENDIX (8)

CLAIM OF APPEAL AND ORDER APPOINTING

COUNSEL FORM

| STATE OF MICHIGAN<br>3rd JUDICIAL CIRCUIT<br>WAYNE COUNTY | CLAIM OF APPEAL AND ORDER<br>APPOINTING COUNSEL<br>[X] Substitution of Counsel | CASE NO. AND SUFFIX<br>09-10620      01 |
|---|---|---|

Court Address
1441 ST. ANTOINE, ROOM 917 DETROIT, MI 48226

Court Telephone No
(313) 224-6222

**People of THE STATE OF MICHIGAN**

v

| Defendant Name, Last | First | Middle |
|---|---|---|
| STANN | DAVID | ANTHONY |

AKA
ST.ANN          DAVID          ANTHONY
Date of Birth, address, and inmate number (if known)          09-21-1982
CHIPPEWA CORRECTIONAL FACILITY
4269      WEST M-80                          741290
KINCHELOE                          MI      49784

| Offense Information | | | | | | | Terms of Incarceration | | | | | | | | | | Intermediate Sanctions | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Minimum | | | Maximum | | | | | | | Probation | | | | | |
| Date | Description | PACC Code | H | C | A | S | Y | M | D | Y | M | D | K | P | J | Y | M | D | R | F | O |
| 03-25-2007 | UTTERING & PUBLISHING | 750.249 | | | | | 2 | | | 14 | | | | X | | | | | | | |
| 03-25-2007 | UTTERING & PUBLISHING | 750.249 | | | | | 2 | | | 14 | | | | X | | | | | | | |
| 03-25-2007 | UTTERING & PUBLISHING | 750.249 | | | | | 2 | | | 14 | | | | X | | | | | | | |
| 03-25-2007 | UTTERING & PUBLISHING | 750.249 | | | | | 2 | | | 14 | | | | X | | | | | | | |
| 03-25-2007 | STATE ID CARD/FALSE APPLIC | 28.2931 | | | | | 1 | | | 5 | | | | X | | | | | | | |
| 03-25-2007 | HOMICIDE/MURDER 1ST DEGR | 750.316-A | | | | | | | LIFE | | | | | X | | | | | | | |
| 03-25-2007 | WEAPONS/FELONY FIREARM | 750.227B-A | | | | | 2 | | | 2 | | | X | X | | | | | | | |

H=Habitual C=Conspiracy A=Attempt S=Solicitation  Y=Year  M=Month  D=Day K=Consecutive  P=Prison  J=Jail  R=Restitution  F=Fine  O=Other

The defendant claims an appeal from a final judgment or order entered on 09-16-2009 in the 3rd Circuit Court, WAYNE County,
Michigan by Judge THOMAS JACKSON 22819.  Copies of the final judgment or order being appealed and docket entries are attached
for the Court of Appeal, appointed counsel, and Michigan Appellate Assigned Counsel System.

On 09-22-2009 the defendant filed a request for appointment of counsel and a declaration of indigency.

**IT IS ORDERE**

DANIEL RUST
Name of Appellate Counsel

26062 IVANHOE
Address

REDFORD, MI 48239-3222
City, State, Zip

313 837 7734
Telephone No.

32856
Bar No.

is appointed counsel for the defendant in post-conviction proceedings.  If appointed counsel cannot or will not accept this appointment, he/she
shall notify the court immediately.

The court reporter(s)/recorder(s) shall file with the trial court clerk the transcripts checked below and any other transcripts requested by counsel
in this case not previously transcribed.  Transcripts shall be filed within 28 days for pleas or 91 days for trials from the date ordered or requested
[MCR7.210(B)]. Reporter(s)/recorder(s) shall be paid as provided by law.

| TRANSCRIPTS ORDERED | REPORTER/ RECORDER NAME | OTHER DESCRIPTIO | PREVIOUSLY ORDERED | FILED | NUMBER | DATE(S) OF PROCEEDING |
|---|---|---|---|---|---|---|
| SENTENCE | MELISSA HARDING | | X | X | | 09-16-2009 |
| OTHER | MELISSA HARDING | MO | X | X | | 07-10-2009 |
| OTHER | MELISSA HARDING | FC | X | X | | 07-21-2009 |
| JURY TRIAL | MELISSA HARDING | | X | X | | 08-17-2009 |
| JURY TRIAL | MELISSA HARDING | | X | | | 08-18-2009 |
| JURY TRIAL | MELISSA HARDING | | X | | | 08-19-2009 |
| JURY TRIAL | MELISSA HARDING | | X | | | 08-20-2009 |
| ARRAIGNMENT | YVONNE LOWNIE | | X | X | | 05-08-2009 |

Attorney NICHOLAS VENDITTELLI will forthwith provide to DANIEL RUST all documents, transcripts and materials pertinent to this appeal
currently in his/her possession.

CC403 (12/96)

Page 1 of 2

APPENDIX (9)

JUDGMENT OF SENTENCE

Original - Court copy – Corrections
2nd copy – Corrections (for return
3rd copy – Michigan State Police CJIC
4th copy – Defendant
5th copy – Prosecutor
6th copy - Cashier

Approved, SCAO

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | JUDGMENT OF SENTENCE COMMITMENT TO DEPARTMENT OF CORRECTIONS ☐ Amended | CASE NO. 09-010620-01-FH |
|---|---|---|

ORI MI – 821095J   Court Address   1441 St. Antoine, Detroit, MI 48226   Courtroom   G-1   Court Telephone No.   313-224-5435

Police Report No.

Defendant name, address, and telephone no.
David Anthony St. Ann
2107 Elysian Fields  New Orleans LA  70117

THE PEOPLE OF THE STATE OF MICHIGAN                    v

| CTN/TCN 09700854-01 | SID MI-2098092W | DOB 09/21/1982 |
|---|---|---|

Prosecuting attorney name                    Bar no.
Augustus W. Hutting                    24839

Defendant attorney name                    Bar no.
Carl Jordan                    57226

**THE COURT FINDS:**

1. The defendant was found guilty on 08/20/2009                    of the crime(s) stated below:

| Count | CONVICTED BY | | | DISMISSED BY* | CRIME | CHARGE CODE (S) MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| | Pleas* | Court | Jury | | | |
| 3, 4, 5 & 6 | | | G | | UTTERING & PUBLISHING | 750.249 |
| 7 | | | G | | STATE ID CARD -FALSE APPLICATION | 28.2931 |
| 9 | | | G | | 1ST DEGREE MURDER | 750.316-A |
| 10 | | | G | | FELONY FIREARM | 750.227B-A |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill, For dismissal; insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

☐ 2. The conviction is reportable to the Secretary of State under MCL 257.625(21)(b).   MI-S350135027731

☐ 3. HIV testing and sex offender registration is completed.                    Defendant's driver license number

☐ 4. The defendant has been fingerprinted according to MCL 28.243.

**IT IS ORDERED:**

☐ 5. Probation is revoked.

6. Participating in a special alternative incarceration unit is    ☐ prohibited.    ☐ permitted.

7. Defendant is sentenced to custody of Michigan Department of Corrections. This sentence shall be executed immediately.

| Count | SENTENCE DATE | MINIMUM | | | MAXIMUM | | DATE SENTENCE BEGINS | JAIL CREDIT | | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Years | Mos. | Days | Years | Mos. | | Mos. | Days | |
| 3,4,5,6 | 9-16-09 | 2 | -- | -- | 14 | -- | | -- | -- | |
| 7 | 9-16-09 | 1 | -- | -- | 5 | -- | | -- | -- | |
| 9 | 9-16-09 | MANDATORY | LIFE | WITHOUT | PAROLE | -- | 9-16-09 | -- | -- | |
| 10 | 9-16-09 | 2 | -- | -- | 2 | -- | | -- | 246 | |

☐ 8. Sentence(s) to be served consecutively to: (if this item is not checked, the sentence is concurrent)
☐    each other.    ☐    case numbers

9. Defendant shall pay as follows:

| State Minimum | Crime Victim | Restitution | Court Costs | Attorney Fees | Fine | Other Costs | Total |
|---|---|---|---|---|---|---|---|
| $ 68.00 x 1 | $ 60 | $ 2,300.00 | $ 500 | $ | $ | $ - | $ 2,928.00 |

The due date for payment is    at sentencing    . Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed.

10. The concealed weapon board shall    suspend for    day    permanently revoke    the concealed weapon license, permit number    issued by    County.

☐ 11. The defendant is subject to lifetime monitoring pursuant to MCL 750.520n.

12. Court recommendation: CTS 3,4,5, 6,7 & 9 RUN CONCURRENT BUT CONSECUTIVE TO CT 10.

9-16-09                                                                 22819
Date                    Judge   THOMAS E. JACKSON                    Bar no.

I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay, deliver defendant to the Michigan Department of Corrections at a place designated by the department.

(SEAL)                    Deputy court clerk

MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22, MCL 780.766 MCR 6.427

CC 219b-3CC – (4/2009) JUDGMENT OF SENTENCE, COMMITMENT TO DEPARTMENT OF CORRECTIONS

APPENDIX (10)

MDOC BASIC INFORMATION REPORT

**MICHIGAN DEPARTMENT OF CORRECTIONS**
**BASIC INFORMATION REPORT**

4836-6101
12/06  CFJ-101

| Court Name (Last, First, Middle) | | MDOC Nbr. | Given Name(Last, First, Middle) |
|---|---|---|---|
| St.Ann, David Anthony | | 741290 | Same |

| Name Type | Other Names (Last, First, Middle) |
|---|---|
| N/A | None |

| Place of Birth | Citizenship | Last Known Address & Telephone No. |
|---|---|---|
| Michigan | USA | |

| State & DLN   None | | **DOB**   09/21/1982 | 2513 Lavender |
|---|---|---|---|

| SID No.   2098092W | | FBI No. None | New Orleans Louisiana |
|---|---|---|---|

| Race | Sex | Hair | Eyes | (313)740-8226 |
|---|---|---|---|---|
| Black or African American | Male | Black | Brown | |

| Height | Weight | Highest Grade Completed | Occupation | Health Ins. | Assets-$1,500 & Up | Monthly Income of $75 & Up |
|---|---|---|---|---|---|---|
| 5'9" | 190 | GED | None | No | Yes | No |

| Marital Status | Dependents | Religion | Military Branch | Military Dates | Discharge Type |
|---|---|---|---|---|---|
| Single | 0 | Catholic | None | None | None |

| | Drug Abuse | Alcohol Abuse | Mental Health Treatment |
|---|---|---|---|
| **Marks, Scars, Amputations, Tattoos** | No | No | No |
| Tattoo Left Neck | Scar Right Center Arm | | |

## CRIMINAL HISTORY

| | Juvenile | | | Adult | | | | Status at Time of Offense | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Comm. | Prob. | Esc. | Jail | Pris. | Prob. | Esc. | X | None | | Delayed Sentence |
| 0 | 1 | 0 | 0 | 0 | 0 | 0 | | HYTA | | Parole |
| Age of First Arrest | | Sex Offense Convictions | | SAI Eligible | | | | Probation | | Jail |
| 13 | | 0 | | No | | | | District Probation | | State Prison |
| Pending Charges in Court | | No. of Prior Felony Convictions | | | | | | Federal Probation | | On Bond |
| No | | 0 | | | | | | Federal Parole | | Juvenile Court Supervision |

| Type of Report | County   Wayne County | | Agent & Caseload No.   FAYE A. POLOM - 1903 | |
|---|---|---|---|---|
| Presentence | DOC Recommended Disposition   4 | Probation Violation New Sentence   No | Probation Violation Technical   No | |

## CURRENT OFFENSE

| NO.   1   OF   7 | Docket No.:  Charge (1): 09010620-01-FH | Last Name:   Stann |
|---|---|---|

| PACC Code | Offense | Max | Consecutive Sentence |
|---|---|---|---|
| 750.249 | Uttering & Publishing | 14 yrs. | No |

| Victim / Relationship | Codefendant(s) |
|---|---|
| Jones, Gary - Friend | None |

| Circuit | Judge | Attorney | Retained / Appointed |
|---|---|---|---|
| 03rd Circuit Court - Wayne County | Thomas Edward Jackson | Jordan, Carl | Retained |

| Method of Conviction | Date of Offense | Date of Arrest | Date of Bond | Date of Conviction | Jail Credit | Guilty But Mentally Ill |
|---|---|---|---|---|---|---|
| Jury | 03/25/2007 | 01/13/2009 | N/A | 08/20/2009 | 246 | No |

## DISPOSITION

| Sentence Type | | Sentence Date   09/16/2009 | CTN   820970085401 | Fine | Cost | Restitution |
|---|---|---|---|---|---|---|

| MINIMUM | | | MAXIMUM | | | LIFE | JAIL | | Supervision Fees | Crime Victims Assessment |
|---|---|---|---|---|---|---|---|---|---|---|
| Years | Months | Days | Years | Months | Days | | Months | Days | | |

| | Attorney Fees | | Forensic Fees | | Restitution Fund Fees | | Other Fees | |
|---|---|---|---|---|---|---|---|---|

| Sentencing Guidelines | | | | | | |
|---|---|---|---|---|---|---|
| | RANGE | | LIFE | NA | Prior Record Total | Offense Variable Total |
| Low: | | High: | | X | | |

Comments:

St. Ann, David Anthony  - 741290
08/11/2014  08:37:03

MICHIGAN DEPARTMENT OF CORRECTIONS
BASIC INFORMATION REPORT

4836-6101
12/06 CFJ-101

## CURRENT OFFENSE

NO.   **2**   OF   **7**     Docket No.: **Charge (2): 09010620-01-FH**     Last Name:  **Stann**

| PACC Code 750.249 | Offense Uttering & Publishing | Max 14 yrs. | Consecutive Sentence No |
|---|---|---|---|

| Victim / Relationship Jones, Gary - Friend | | Codefendant(s) None | |
|---|---|---|---|

| Circuit 03rd Circuit Court - Wayne County | | Judge Thomas Edward Jackson | | Attorney Jordan, Carl | | Retained / Appointed Retained |
|---|---|---|---|---|---|---|

| Method of Conviction Jury | Date of Offense 07/13/2007 | Date of Arrest 01/13/2009 | Date of Bond N/A | Date of Conviction 08/20/2009 | Jail Credit 246 | Guilty But Mentally Ill No |
|---|---|---|---|---|---|---|

## DISPOSITION

| Sentence Type | | Sentence Date 09/16/2009 | CTN 820970085401 | | Fine | | Cost | | Restitution | |
|---|---|---|---|---|---|---|---|---|---|---|

| MINIMUM | | | MAXIMUM | | | LIFE | JAIL | | Supervision Fees | Crime Victims Assessment |
|---|---|---|---|---|---|---|---|---|---|---|
| Years | Months | Days | Years | Months | Days | | Months | Days | | |

| Attorney Fees | | Forensic Fees | | Restitution Fund Fees | | Other Fees | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Sentencing Guidelines

| RANGE | | LIFE | NA | Prior Record Total 10 | Offense Variable Total 155 |
|---|---|---|---|---|---|
| Low:   12 | High:   24 | | | | |

Comments:

## CURRENT OFFENSE

NO.   **3**   OF   **7**     Docket No.: **Charge (3): 09010620-01-FH**     Last Name:  **Stann**

| PACC Code 750.249 | Offense Uttering & Publishing | Max 14 yrs. | Consecutive Sentence No |
|---|---|---|---|

| Victim / Relationship Jones, Gary - Friend | | Codefendant(s) None | |
|---|---|---|---|

| Circuit 03rd Circuit Court - Wayne County | | Judge Thomas Edward Jackson | | Attorney Jordan, Carl | | Retained / Appointed Retained |
|---|---|---|---|---|---|---|

| Method of Conviction Jury | Date of Offense 07/13/2007 | Date of Arrest 01/13/2009 | Date of Bond N/A | Date of Conviction 08/20/2009 | Jail Credit 246 | Guilty But Mentally Ill No |
|---|---|---|---|---|---|---|

## DISPOSITION

| Sentence Type | | Sentence Date 09/16/2009 | CTN 820970085401 | | Fine | | Cost | | Restitution | |
|---|---|---|---|---|---|---|---|---|---|---|

| MINIMUM | | | MAXIMUM | | | LIFE | JAIL | | Supervision Fees | Crime Victims Assessment |
|---|---|---|---|---|---|---|---|---|---|---|
| Years | Months | Days | Years | Months | Days | | Months | Days | | |

| Attorney Fees | | Forensic Fees | | Restitution Fund Fees | | Other Fees | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Sentencing Guidelines

| RANGE | | LIFE | NA | Prior Record Total 0 | Offense Variable Total 0 |
|---|---|---|---|---|---|
| Low:   0 | High:   3 | | | | |

Comments:

## CURRENT OFFENSE

NO.   **4**   OF   **7**     Docket No.: **Charge (4): 09010620-01-FH**     Last Name:  **Stann**

| PACC Code 750.249 | Offense Uttering & Publishing | Max 14 yrs. | Consecutive Sentence No |
|---|---|---|---|

| Victim / Relationship | | Codefendant(s) | |
|---|---|---|---|

MICHIGAN DEPARTMENT OF CORRECTIONS
BASIC INFORMATION REPORT

4836-6101
12/06 CFJ-101

| Jones, Gary - Friend | None | | |
|---|---|---|---|

| Circuit | Judge | Attorney | Retained / Appointed |
|---|---|---|---|
| 03rd Circuit Court - Wayne County | Thomas Edward Jackson | Jordan, Carl | Retained |

| Method of Conviction | Date of Offense | Date of Arrest | Date of Bond | Date of Conviction | Jail Credit | Guilty But Mentally Ill |
|---|---|---|---|---|---|---|
| Jury | 07/13/2007 | 01/13/2009 | N/A | 08/20/2009 | 246 | No |

## DISPOSITION

| Sentence Type | | Sentence Date 09/16/2009 | CTN 820970085401 | Fine | Cost | Restitution |
|---|---|---|---|---|---|---|

| MINIMUM | | | MAXIMUM | | | LIFE | JAIL | | Supervision Fees | Crime Victims Assessment |
|---|---|---|---|---|---|---|---|---|---|---|
| Years | Months | Days | Years | Months | Days | | Months | Days | | |

| Attorney Fees | Forensic Fees | Restitution Fund Fees | Other Fees |
|---|---|---|---|

**Sentencing Guidelines**

| RANGE | | LIFE | NA | Prior Record Total | Offense Variable Total |
|---|---|---|---|---|---|
| Low: | High: | | X | | |

Comments:

## CURRENT OFFENSE

NO.   5   OF   7        Docket No.:  Charge (5): 09010620-01-FH        Last Name:  Stann

| PACC Code 28.2931 | Offense State Identification Card - False Application | Max 5 yrs. | Consecutive Sentence No |
|---|---|---|---|

| Victim / Relationship Jone, Gary - Friend | Codefendant(s) None |
|---|---|

| Circuit | Judge | Attorney | Retained / Appointed |
|---|---|---|---|
| 03rd Circuit Court - Wayne County | Thomas Edward Jackson | Jordan, Carl | Retained |

| Method of Conviction | Date of Offense | Date of Arrest | Date of Bond | Date of Conviction | Jail Credit | Guilty But Mentally Ill |
|---|---|---|---|---|---|---|
| Jury | 07/13/2007 | 01/13/2009 | N/A | 08/20/2009 | 246 | No |

## DISPOSITION

| Sentence Type | | Sentence Date 09/16/2009 | CTN 820970085401 | Fine | Cost | Restitution |
|---|---|---|---|---|---|---|

| MINIMUM | | | MAXIMUM | | | LIFE | JAIL | | Supervision Fees | Crime Victims Assessment |
|---|---|---|---|---|---|---|---|---|---|---|
| Years | Months | Days | Years | Months | Days | | Months | Days | | |

| Attorney Fees | Forensic Fees | Restitution Fund Fees | Other Fees |
|---|---|---|---|

**Sentencing Guidelines**

| RANGE | | LIFE | NA | Prior Record Total | Offense Variable Total |
|---|---|---|---|---|---|
| Low: | High: | | X | | |

Comments:

## CURRENT OFFENSE

NO.   6   OF   7        Docket No.:  Charge (6): 09010620-01-FH        Last Name:  Stann

| PACC Code 750.316A | Offense Homicide - Murder First Degree-Premeditated | Max LIFE | Consecutive Sentence No |
|---|---|---|---|

| Victim / Relationship Jones, Gary - Friend | Codefendant(s) None |
|---|---|

| Circuit | Judge | Attorney | Retained / Appointed |
|---|---|---|---|
| 03rd Circuit Court - Wayne County | Thomas Edward Jackson | Jordan, Carl | Retained |

| Method of Conviction | Date of Offense | Date of Arrest | Date of Bond | Date of Conviction | Jail Credit | Guilty But Mentally Ill |
|---|---|---|---|---|---|---|

St. Ann, David Anthony  -  741290
08/11/2014  08:37:03

CFJ-101            Page:3

MICHIGAN DEPARTMENT OF CORRECTIONS                                      4836-6101
BASIC INFORMATION REPORT                                               12/06 CFJ-101

| Jury | 07/13/2007 | 01/13/2009 | N/A | 08/20/2009 | 246 | No |
|------|-----------|-----------|-----|-----------|-----|-----|

## DISPOSITION

| Sentence Type | | Sentence Date 09/16/2009 | CTN 820970085401 | | Fine | | Cost | | Restitution |
|---|---|---|---|---|---|---|---|---|---|

| MINIMUM | | | MAXIMUM | | | LIFE | JAIL | | Supervision Fees | Crime Victims Assessment |
|---|---|---|---|---|---|---|---|---|---|---|
| Years | Months | Days | Years | Months | Days | | Months | Days | | |

| Attorney Fees | | Forensic Fees | | Restitution Fund Fees | | Other Fees |
|---|---|---|---|---|---|---|

**Sentencing Guidelines**

| RANGE | | LIFE | NA | Prior Record Total | | Offense Variable Total |
|---|---|---|---|---|---|---|
| Low: | High: | | X | | | |

Comments:

## CURRENT OFFENSE

| NO. | 7 | OF | 7 | Docket No.: Charge (7): 09010620-01-FH | | Last Name: Stann |
|---|---|---|---|---|---|---|

| PACC Code 750.227BA | Offense Weapons - Felony Firearms | | Max 2 yrs. | Consecutive Sentence Yes |
|---|---|---|---|---|

| Victim / Relationship Jones, Gary - Friend | | Codefendant(s) None | |
|---|---|---|---|

| Circuit 03rd Circuit Court - Wayne County | Judge Thomas Edward Jackson | Attorney Jordan, Carl | Retained / Appointed Retained |
|---|---|---|---|

| Method of Conviction Jury | Date of Offense 07/13/2007 | Date of Arrest 01/13/2009 | Date of Bond N/A | Date of Conviction 08/20/2009 | Jail Credit 246 | Guilty But Mentally Ill No |
|---|---|---|---|---|---|---|

## DISPOSITION

| Sentence Type | | Sentence Date 09/16/2009 | CTN 820970085401 | | Fine | | Cost | | Restitution |
|---|---|---|---|---|---|---|---|---|---|

| MINIMUM | | | MAXIMUM | | | LIFE | JAIL | | Supervision Fees | Crime Victims Assessment |
|---|---|---|---|---|---|---|---|---|---|---|
| Years | Months | Days | Years | Months | Days | | Months | Days | | |

| Attorney Fees | | Forensic Fees | | Restitution Fund Fees | | Other Fees |
|---|---|---|---|---|---|---|

**Sentencing Guidelines**

| RANGE | | LIFE | NA | Prior Record Total | | Offense Variable Total |
|---|---|---|---|---|---|---|
| Low: | High: | | X | | | |

Comments:

APPENDIX (11)

MDOC PRESENTENCE INVESTIGATION REPORT

## Michigan Department of Corrections
## Presentence Investigation

CFJ-284

Rev. 10/03

### Evaluation and Plan

Before Your Honor for sentencing today is defendant David Anthony Stann, also known as David Anthony St. Ann.  The defendant is a 26 year old, single, male resident of New Orleans, Louisiana, who denies paternity. Positively speaking, the defendant reported to be in  good physical and mental health. Per the Michigan Department of Career Development, the defendant received his GED certificate on 03/20/03. The defendant reported no past or current substance abuse and/or treatment.  He was cooperative during the presentence interview.

Prior to the defendant's arrest on January 13, 2009, he reported that he resided at 2513 Lavender, New Orleans, Louisiana where he lived alone.  Writer spoke with defendant's friend, Lisa Townsend, who verified the defendant's identity however, was not available to verify his residence because she lives in Detroit.

The defendant is before the Court for sentencing after being convicted of Uttering and Publishing (4 Counts), State Identification Card-False Application, Homicide-Murder 1st Degree-Premeditated and Felony Firearm under Docket #09-10620-01-FH.  He was found guilty by jury on 08/20/09 and is scheduled for sentencing on 09/16/09.

 This investigation revealed one prior juvenile adjudication for this defendant for which he received probation. The defendant also has one misdemeanor conviction on 03/20/02 for Receiving/Concealing Stolen Property less Than $1,000 for which he received 6 months probation, plea taken under advisement.  According to Court records, probation was closed on 08/18/03.

Regarding the defendant's employment, he stated that prior to his arrest, he was employed for Lowe's Home Improvement, New Orleans, Louisiana, and stated that his supervisor's name was "James".  Writer made contact with supervisor James Barber on 09/08/09, who stated that he did not recognize the defendant's last name and could not recall whether he worked there.  He stated that he would check with Human Resource management regarding this writer's inquiry and get back with me as soon as possible.  Writer attempted to contact Mr. Barber again on 09/11/09, was placed on hold, and no one returned to the phone. Writer made another call to Lowe's Home Improvement and was told that Mr.Barber was unavailable.  Therefore, the defendant's employment could not be verified.

Regarding the defendant's enrollment in school, he reported that he was enrolled in the Delgado Community College in New Orleans, Louisiana from January 2008 until December 8, 2008.  Writer attempted to make contact with the registrar at Delgado Community College and left a message requesting that she contact the Probation Department as soon as possible regarding the defendant's enrollment. To date, no reply has been received.  Therefore, the defendant's could not be verified as of the completion of this report.

A LEIN check revealed no outstanding warrants or new criminal activity as of 09/11/09.

Sentencing guidelines for the offense of Uttering and Publishing are 12 to 24 months.  Incarceration is mandated

## Michigan Department of Corrections
## Presentence Investigation

CFJ-284

Rev. 10/03

by Michigan Statute for the offense of Murder -1st Degree and Felony Firearm. The defendant is ineligible for any alternative programs.

Regarding Count 9, Homicide-Murder 1st Degree Premeditated, it is required by Michigan Statute the defendant be sentenced to Lifetime Incarceration without parole.

Regarding Count 10, Felony Firearm, it is mandated by Michigan Statute that the defendant be sentenced to two years incarceration. Regarding Counts 3, 4, 5, 6, Uttering and Publishing (4 Counts), and Count 7, State Identification Card- False Application, due to the mandatory incarceration for Count 9, Murder 1st Degree-Premeditated, it is respectfully recommended that the defendant be sentenced to a term of incarceration with the Michigan Department of Corrections for Counts 3, 4, 5, 6 and 7.

Restitution is requested to be set at $2,300.00 per the victim's mother, for funeral and burial expenses.

## Agent's Description of the Offense

The following information was garnered from the Detroit Police Department Investigator's Report dated 3/25/07:

On Sunday, March 25, 2007, at approximately 3:00 a.m., police officers responded to a police run at Frederick/Dubois on a "person lying in the street shot in the head". Upon officer's arrival, they observed a person lying on his stomach at southwest curb lying suffering from multiple gunshot wounds. The subject was later identified as victim, Gary Jones, age 19. On 3/25/07, an autopsy was performed at the Wayne County Medical Examiner's Office on ME#07-3033 where it was determined that the cause of death was multiple gunshot wounds and the manner of death, a homicide. The subsequent investigation revealed that the defendant, David Stann, visited the complainant, Jones, on 03/25/07 at 14874 Hazelridge and had a brief conversation with him. Both parties left the house together and entered a 1994 burgundy Cadillac and drove away at approximately 2:30 to 2:45 a.m. The complainant's body was discovered a short time later at the curb of Frederick and Dubois. Investigation also revealed that there were two insurance policies taken out on Gary Jones, one policy with Northwestern Mutual for $250,000 and the other with Jefferson National for $250,000.00 Both policies initially listed the beneficiary as Carolyn Jones, the mother of Gary Jones. Just before his death, the policy changed to Willard M. Redding, the listed uncle. Investigation revealed that the Jones family does not know nor are they related to Willard M. Redding. In 2007, Northwestern Mutual paid off on the policy for $250,000.00 with a checking account to Willard M. Redding, a total of 7 checks were signed by Willard M. Redding. Investigation lead to Willard M. Redding and that this person never received nor did he sign any checks from Northwestern Mutual. Redding does know the defendant, David Stann. Investigation lead to Kaline Brown, whose identity had been stolen. Mr. Brown has been incarcerated since 2006 in the State of Ohio. The defendant Stann had stolen the identity of Kaline Brown by having a Michigan State ID card issued to him in the name of Brown. The defendant opened up a bank account in Brown's name and deposited a check from the Northwestern Mutual account. A search warrant revealed that the phone number given on the Jefferson

## Michigan Department of Corrections
## Presentence Investigation

CFJ-284

Rev. 10/03

National account is registered to the defendant.

This investigation further revealed that on 9/23/05, the complainant contacted Northwestern Mutual Life Insurance Company to set up a policy. He made contact with financial advisor Steven Lane, who met with him at Dequindre and 8 Mile at the McDonalds. The complainant got off the bus and met with Mr. Lane who in turn, filled out an insurance policy on the victim's behalf for $250,000.00. The complainant paid him $75.00 on a Traveler's Express money order using the address of 18510 St. Aubin. The beneficiary listed on the policy was Carolyn L. Jones (victim's mother). In July 2006, the beneficiary was changed from Carolyn Jones to Steven J. Henry, who posed as the step-father, address given 9623 Berkshire. In February 2007, the beneficiary was changed from Steven J. Henry to Willard Redding, who posed as the uncle, and the address used was 5082 Buckingham, Detroit, MI. On 4/16/07, at 3:39 p.m., Northwestern Mutual processed a Notice of Death claim on behalf of Gary Jones on policy #17316062. They had listed Willard Redding as the person who made the call. Mr. Redding used PO Box 15571 Detroit, MI 48215 as his residence. Shortly after Northwestern Mutual issued the listed beneficiary "Willard Redding" a check for $250,000 issued from Melon Bank with the address of 18927 Westphalia Street, Detroit, MI on the address by the checks. The following checks were written from this account as follows: Check #1031, $9,500.00 to Donte Hall; Check #1032, $3,500.00 to David A. Stann; Check #1033, $2,500.00 to Chad A. Stann; Check #1035, $1,500.00 to Kalce Brown; Check #1036, $10,000.00 to Donte Hall; Check #1037, $200,000.00 to David Stann; Check #1038, $5,000.00 to Donte Hall; Check #1041, $14,500.00 to Donte Hall; Check #1044, $3,500.00 to David Stann. On the following dates, the defendant presented checks off of the Northwestern Mutual Account; 07/13/07, the defendant presented Check #1044 for payment. On 7/14/07, defendant entered the Chase Bank located at Cadiuex and Harper in the city of Detroit, MI and opened an account He presented Check #1032 written of the Northwestern Mutual account and deposited the same. On 7/17/07, the defendant presented Check #1035 for payment and on 7/18/07, he presented Check #1037 for payment. On 9/23/05, an insurance policy in the name of Gary Jones was filed online with Jefferson National Insurance Company and the policy was for $250,000.00 and the beneficiary was Carolyn Jones and the address that was used for the complainant was 18510 St. Aubin. During the course of the policy, the beneficiary was changed to Willard Redding, who claimed to be the defendant's uncle and gave the address of PO Box 15571 Detroit, MI 48215. The defendant paid Willard Redding to open this PO Box. As of this date, no money has been paid out on this account. Investigation also ties the defendant to this location in an official police report during this time and to using his own registered cell phone number on the policy.

The defendant was originally charged with Count I, Homicide-Murder-1st Degree Premeditated, Count II, Weapons-Felony Firearm, Count 3, Uttering and Publishing, Count 4, Uttering and Publishing, Count 5, Uttering and Publishing, Count 6, Uttering and Publishing, Count 7, State Identification Card-False Application, Count 9, Homicide-Murder-1st Degree - Premeditated and Count 10, Weapons-Felony Firearm. According to Court records, Counts I and II were dismissed. The defendant was subsequently found guilty by jury on 8/20/09 of four Counts of Uttering and Publishing, State Identification Card-False Application, Homicide-Murder 1st Degree-Premeditated and Weapons-Felony Firearm. He is scheduled for sentencing on 09/16/09.

## Consecutive Sentences

According to Assistant Prosecuting Attorney Augustus Hutting, due to the mandatory convictions, consecutive

## Michigan Department of Corrections
## Presentence Investigation

CFJ-284

Rev. 10/03

sentencing does apply.

## Victim's Impact Statement

Writer contacted the victim's mother, Carol Lee Jones, to obtain a victim's impact statement. Ms. Jones provided the following statement: "From what I see from David, I see no remorse. He doesn't care. This person befriended me and my family. When we were going through Court, I realized that he is capable of this. But I don't hate him, but I do want him to spend the rest of his life in prison. It really bothers me because I knew this person. I also lost a daughter five months after Gary's death, due to a senseless murder so I had to bury two children in the same year. I have my faith to guide me and keep me strong."

Regarding restitution, she stated that she is requesting $2,300.00 in restitution for funeral and burial expenses. Therefore, restitution is requested to be set at $2,300.00.

## Defendant's Description of the Offense

The defendant provided the following statement regarding the instant offense: " I didn't do this. There was evidence that didn't make it to trial that should have."

/s/ David Anthony Stann

## Criminal Justice

**Juvenile History:**

**NO. 1 OF 1**

| Offense Date: | 05/26/1996 |
|---|---|
| Petition Date: | 05/26/1996 |
| Petitioning Agency: | Unknown |
| Charge(s) at Petition: | Home Invasion 2nd Degree<br>Malicious Destruction of Property |
| Court of Jurisdiction: | 3rd Circuit Court Juvenile Pet#96-010954 |
| Final Charges: | Home Invasion 2nd Degree |
| Adjudication Date/Method: | 06/20/1996 / Plea |
| Sentence/Disposition: | Probation |
| Sentence/Disposition Date: | 07/18/1996 |
| Attorney Present: | Unknown |
| Discharge Date: | Unknown |
| Notes: | |

**Adult History:**

# Michigan Department of Corrections
## Presentence Investigation

CFJ-284

Rev. 10/03

**NO.  1  OF  3**

| | |
|---|---|
| Offense Date: | 06/17/2000 |
| Status at Time of Offense: | |
| Arrest Date: | 06/17/2000 |
| Arresting Agency: | Detroit Police Department |
| Charge(s) at Arrest: | RCSP < $20,000 |
| Court of Jurisdiction: | 3rd Circuit Ct. #00-062992-01 |
| Final Charges: | N/A |
| Conviction Date/Method: | N/A |
| Sentence/Disposition: | N/A |
| Sentence Date: | N/A |
| Attorney Present: | Yes |
| Discharge Date: | N/A |
| Notes: | Case was dismissed on 7/7/00 |

**NO.  2  OF  3**

| | |
|---|---|
| Offense Date: | 07/20/2001 |
| Status at Time of Offense: | |
| Arrest Date: | 07/20/2001 |
| Arresting Agency: | Unknown |
| Charge(s) at Arrest: | RCSP <$1,000 |
| Court of Jurisdiction: | 36th District Court Dkt. #01-64296 |
| Final Charges: | RCSP <$1,000 |
| Conviction Date/Method: | 03/20/2002 / Plea Under Advisement |
| Sentence/Disposition: | 6 months Probation |
| Sentence Date: | 03/20/2002 |
| Attorney Present: | Unknown |
| Discharge Date: | 08/18/2003 |
| Notes: | 08/18/03, probation closed, case dismissed with prejudice |

**NO.  3  OF  3**

| | |
|---|---|
| Offense Date: | 03/25/2007 |
| Status at Time of Offense: | None |
| Arrest Date: | 01/13/2009 |
| Arresting Agency: | Detroit Police Department |
| Charge(s) at Arrest: | Homicide-Murder 1st Degree Premeditated<br>Felony Firearm<br>Uttering and Publishing (4 counts)<br>State ID Card-False Application |
| Court of Jurisdiction: | 3rd Circuit Court Dkt. #09-10620-01-FH |
| Final Charges: | Uttering and Publishing (4 Counts)<br>State ID Card-False Application<br>Homicide-Murder 1st Degree<br>Felony Firearm |
| Conviction Date/Method: | 08/20/2009 / Jury |
| Sentence/Disposition: | Instant Offense |
| Sentence Date: | 09/16/2009 |
| Attorney Present: | Yes |

## Michigan Department of Corrections
## Presentence Investigation

CFJ-284

Rev. 10/03

| Discharge Date: | N/A |
|---|---|
| Notes: | |

**Personal Protection Order(s):**

None

**Gang Involvement:**

There has been no known prior gang involvement for the defendant.

| Start Date | End Date | Gang Name | Gang Location | Gang Role | Gang Rank/Status |
|---|---|---|---|---|---|
| N/A | | | | | |

**Gang Marks, Scars, & Tattoos:**
N/A

**Gang Names:**
N/A

### Family

| Name | Relationship | Age | Address | Phone | Occupation |
|---|---|---|---|---|---|
| Hall, Aaron | Half-Brother | 33 | 3432 Bruxelles New Orleans, Louisiana | (504) 282-0415 | Student |
| Stann, Chad | Half-Brother | 20 | 3432 Bruxelles New Orleans, Louisiana | (504) 282-0415 | Student |
| Stann, Brittany | Half-Sister | 19 | 3432 Bruxelles New Orleans, Louisiana | (504) 282-0415 | student |
| Hall, Erica | Half-Sister | 11 | 3432 Bruxelles New Orleans, Louisiana | (504) 282-0415 | Student |
| Hall, Donte | Half-Brother | 9 | 3432 Bruxelles New Orleans, Louisiana | (504) 282-0415 | Student |
| Stann, Zelia | Mother | | 3432 Bruxelles New Orleans, Louisiana | (504) 282-0415 | Nurse |
| Craft, Ivory | Father | Deceased | Michigan | | |

**Comments:**

The defendant reported that he is the only child born to the married union between Ivory Craft and Zelia Stann. He stated that he has five half-siblings. The defendant stated that he was born and raised in New Orleans, Louisiana by his mother and grandparents until the age of 15 when they moved to Detroit. He stated that his father died when he was approximately 7 years old. He stated that his parents were separated before his father died. The defendant characterized his childhood as "pretty good", however, they suffered from "extreme poverty". He stated that there were days when they went without food. He stated that the neighbors had to give them food and clothes. He stated that his mother worked throughout his childhood but that it was not enough to

**Michigan Department of Corrections**
**Presentence Investigation**

CFJ-284
Rev. 10/03

get by. The defendant stated that there was no physical, mental or substance abuse in the home.

Writer attempted to make contact with the defendant's mother, Zelia Stann, to verify the defendant's identity and an account of his family history with no results. The telephone number provided by the defendant (504-282-0415) was disconnected. There is no other telephone listing per whitepages.com. Therefore, the defendant's account of his family history could not be verified.

## Marriage

| Name | Relationship | Age | Address | Phone | Occupation |
|------|-------------|-----|---------|-------|-----------|
| N/A | | | | | |

**Comments:**

The defendant reported that he is single and denies paternity.

## Employment

| Employer Name | Start Date | End Date | Position | Rate of Pay | Termination Reason |
|--------------|-----------|----------|----------|-------------|-------------------|
| Alliance Staffing Temporary Service | 01/01/2009 | 03/01/2009 | | | |
| Lowe's Home Improvement | 06/01/2007 | 01/01/2009 | Laborer | $10.50 Hourly | |
| Rayblastoes Auto | 01/01/2003 | 01/01/2006 | | | |

The defendant reported that prior to his arrest, he was employed for Lowe's Home Improvement, located in New Orleans, Louisiana, starting in June of 2007 until his arrest in January 2009. Writer attempted to make contact with James Barber to verify this claim with no results. Writer left messages for Mr. Barber to contact the Probation Department as soon as possible. As of the completion of this report, no reply has been received.

## Education

**High School:**

| Name | Start Date | End Date | Level Completed | Area of Study | Certificate |
|------|-----------|----------|-----------------|---------------|-------------|
| N/A | | | | | |

The defendant received his GED certificate on 03/20/03 verified by the Michigan Department of Career Development. The defendant reported that he was enrolled in Delgado Community College from January 2008 until December 2008. Writer attempted to make contact with the registrar at the Community College with no results. Writer left a message requesting that the registrar contact the Probation Department as soon as possible. As of the completion of this report, no reply has been received. The defendant also reported that he attended Wayne County Community College from January 18, 2005 until December 2005, however, did not complete the program.

**College/Advanced Degrees:**

| Name | Start Date | End Date | Level Completed | Area of Study | Certificate |
|------|-----------|----------|-----------------|---------------|-------------|
| N/A | | | | | |

## Michigan Department of Corrections
## Presentence Investigation

CFJ-284

Rev. 10/03

**Vocational/Other Training:**

| Name | Start Date | End Date | Level Completed | Area of Study | Certificate |
|------|-----------|----------|-----------------|---------------|-------------|
| N/A | | | | | |

## Substance Use and Treatment

**Substance Use:**

| Drug | Start Date | End Date | Frequency | Age of First Use |
|------|-----------|----------|-----------|------------------|
| N/A | | | | |

The defendant had no past or current substance abuse history to report.

**Substance Abuse Treatment:**

| Treatment Type | Provider | Start Date | End Date | Completed |
|----------------|----------|-----------|----------|-----------|
| N/A | | | | |

## Health

**Physical Health:**

| Health Problem | Medication | Treatment | Treatment Begin Date |
|----------------|-----------|-----------|----------------------|
| N/A | | | |

The defendant reported to be in good physical health.

**Mental Health:**

| Health Problem | Medication | Treatment | Treatment Begin Date |
|----------------|-----------|-----------|----------------------|
| N/A | | | |

The defendant denied any past or current mental health problems.

## Finances

**Income:**

| Type | Amount | Description |
|------|--------|-------------|
| N/A | | |

The defendant had no additional income to report.

**Assets:**

| Type | Estimated Value | Description |
|------|-----------------|-------------|
| Vehicle | $3500.00 | 2005 Ford Taurus |

The defendant reported ownership of a 2005 Ford Taurus valued at $3,500.00 acquired on 09/21/08.

**Michigan Department of Corrections**
**Presentence Investigation**

CFJ-284

Rev. 10/03

**Liabilities:**

| Type | Amount | Description |
|------|--------|-------------|
| Loan | $4500.00 | |

The defendant reported that he owes student loans in the amount of $4,500.00.


CC

APPENDIX (12)

DEFENDANT RUST'S STATEMENT OF FACTS/BRIEF

ON DIRECT APPEAL



State of Michigan

# Court of Appeals

**Lansing Office**

Case #294569

**Transaction: 3421**    Daid St. Ann #741290

Brief Copies 54 pages

*Copies*

Check #516601                                      $27.00

_____

                                                   $27.00

Copy 2 - File            Receipt: 3220         9/21/2016 11:00 AM      MWOLCOTT



# COURT OF APPEALS, STATE OF MICHIGAN
## BRIEF COVER PAGE - PROOF OF SERVICE

COA Case Name: **People of the State of Michigan v. Davis Anthony St. Ann**

COA Case No.: **294569**          Lower Court Case No.: **09-10620FH**

1. Brief Type (select one):  ☑ APPELLANT(S)       ☐ APPELLEE(S)          ☐ REPLY
   ☐ CROSS-APPELLANT(S)   ☐ CROSS-APPELLEE(S)   ☐ AMICUS CURIAE
   ☐ OTHER [identify]: _____

2. This brief is filed on behalf of [insert party name(s)] : **David A. St. Ann** _____

3. ☐ This brief is in response to a brief filed on _____ by _____

4. ORAL ARGUMENT:     ☑ REQUESTED       ☐ NOT REQUESTED

5. ☐ THE APPEAL INVOLVES A RULING THAT A PROVISION OF THE CONSTITUTION, A STATUTE,
   RULE OR REGULATION, OR OTHER STATE GOVERNMENTAL ACTION IS INVALID.
   [See MCR 7.212(C)(1) to determine if this applies.]

6. As required by MCR 7.212(C), this brief contains, in the following order: [check applicable boxes to verify]
   ☑ Table of Contents [MCR 7.212(C)(2)]
   ☑ Index of Authorities [MCR 7.212(C)(3)]
   ☑ Jurisdictional Statement [MCR 7.212(C)(4)]
   ☑ Statement of Questions [MCR 7.212(C)(5)]
   ☑ Statement of Facts (with citation to the record) [MCR 7.212(C)(6)]
   ☑ Arguments (with applicable standard of review) [MCR 7.212(C)(7)]
   ☑ Relief Requested [MCR 7.212(C)(9)]
   ☐ Signature [MCR 7.212(C)(9)]

7. This brief is signed by [type name]: **Daniel J. Rust** _____   Signing Attorney's Bar No. [if any]: **P-32856**

---

**Proof of Service:** I certify that a copy of this brief and all attachments were served on the following attorneys of
record or pro per parties by ☑ regular mail or ☐ personal service at the addresses shown below.
*To ensure proper service of the motion, the parties of record in the case may be verified through the Case Inquiry
option on the Court's web site at http://courtofappeals.mijud.net/resources/public.htm.*

Date of Service: **March 16, 2010** _____

Type Name: **Joy Alynne Zawol** _____     Signature: _____

| | | |
|---|---|---|
| **Prosecutor's Office**<br>**Criminal Appeals Division**<br>**11th Floor**<br>**1441 St. Antoine**<br>**Detroit, Michigan 48226** | | Joy Alynne Zawol, Notary Public<br>State of Michigan, County of Wayne<br>My Commission Expires 11/20/2014<br>Acting in the County of _____ |

*[Attach additional pages as needed to complete proof of service.]*

MCOA Brief Cover Page (1/2006)



STATE OF MICHIGAN

IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN
     PLAINTIFF-APPELLEE,

-vs-

DAVID ANTHONY ST. ANN
     DEFENDANT-APPELLANT.
_____/

WAYNE COUNTY CIRCUIT COURT NO: 09-10620FH
_____/

KYM L. WORTHY
WAYNE COUNTY PROSECUTING ATTORNEY
ATTORNEY FOR PLAINTIFF-APPELLEE
_____/

DANIEL J. RUST (P32856)
ATTORNEY FOR DEFENDANT-APPELLANT
_____/

COURT OF APPEALS NO:
294569


## APPELLANT'S BRIEF ON APPEAL

_____

## ** ORAL ARGUMENT REQUESTED **

_____


DANIEL J. RUST
26062 IVANHOE
REDFORD, MICHIGAN  48239
(313) 837-7734



## STATEMENT OF FACTS

On August 17, 2009, before the Honorable Thomas E. Jackson, Wayne County Circuit Court Judge, a jury trial was begun in the matter of **People of the State of Michigan v. David Anthony St. Ann,** Wayne County Circuit Court No: 09-10620-01.

Defendant was charged in the Information with First Degree Premeditated Murder, MCL 750.316, Felony Firearm, MCL 750.227b, four counts of Uttering and Publishing, MCL 750.249, and False Application for State Identification, MCL 28.2931.

It was alleged that on or about March 25, 2007, in the City of Detroit, County of Wayne State of Michigan defendant did, with premeditation and deliberation while armed with a weapon, murder Gary Jones, did publish as true several checks knowing they were false, and did falsely represent information upon application for a state personal identification card.

The people were represented by Mr. Augustus Hutting, assistant county prosecutor; defendant by Mr. Carl Jordan.

Previously, on motion by the prosecution, the court reinstated first degree premeditated murder and felony firearm charges which had been dismissed at the Preliminary Examination. (MH, 07/10/09).

The following witnesses testified: Detroit Police Officer David Andrews, Detroit Police Officer Eric Smith, Carolyn Jones, Ladedra Hill, Steven Lane, Doctor Cheryl Lowe, Jerry Wilson, Joshua Amerson, Detroit Police Sergeant Matthew Ryan, Patricia Harrigan, Diane Koltunchik, Detroit Police Officer Royice Hill, Detroit Police Officer Latonya Brooks, Michigan State Police Lieutenant Brian Bergeron, Lisa Wilcox, Willard Redding, and Detroit Police Investigator Donald Olsen.

2

A jury was empanelled and preliminarily instructed. (Trial Transcripts, Volume I, 4-112). Opening argument was made by the prosecutor. (I, 112-134). Defense reserved.

Officer David Andrews, evidence technician, along with his partner, responded around 6:00am to an area of Dubois and Frederick Streets in the City of Detroit. The body was at the scene. He took photographs and prepared a diagram, describing same. It appeared to him there was a suspected bullet wound in the body. (I, 136-147).

Later that same day he processed a vehicle, a 1994 four door burgundy Cadillac Seville, with a temporary license plate. He took photographs both inside and out, which he described. Clothing found in the rear seat was also photographed. He found what he believed to be suspected blood on the center armrest, which he collected for further processing. He did a DNA swab of a pop bottle found in the vehicle as well as cigarette butts. The vehicle was not checked for fingerprints because it was not requested and there was too much dirt on the vehicle. The scene where the body was found had been roped off. He did not know when it was roped off. (I, 136-169).

Off. Smith responded to the location at approximately 3:00am in response to a man shot lying under street signs. He was the first officer to arrive and noticed deceased with gunshot wounds to the head. He secured the scene, notified dispatch and medics. Other officers responded. He remained at the scene while EMS and the evidence technicians arrived. He estimated it would take approximately 10-15 minutes to drive from the area of Mapleridge and Gratiot Streets to where he found the body. He thought he saw some shell casings, but did not collect them. (I, 170-183).

Ms. Carolyn Jones was the mother of deceased, Gary Jones. He had lived with her at 14874 Hazelridge in 2005. She acknowledged she had other children who lived there, that

3

Joshua Emerson, a cousin, frequently stayed with her.  She identified defendant, 'Paul' whom she met through her son, Gary, six years previously.  She later learned his real name.

She was familiar with defendant's family, having purchased a van from defendant's stepfather's brother.  She recalled defendant's family used to live in the area.  She also recalled defendant would drive a gray caravan and a burgundy Cadillac, identifying a photograph of same.

She did not know anyone by the name of Willard Redding.  She had not taken out a life insurance policy on her son, nor was aware she was a beneficiary of one.  Her son was not married, nor did he have any children.  (I, 184-196).

The last time she saw him was on March 24, 2007, between 11-11:30pm, when she talked to him in her bedroom along with others.  The next day she learned from the medical examiner of his death, later identifying him at the morgue.  The funeral was April 1, 2007.  Neither defendant nor anyone from his family attended the funeral or even visited her.  She later found out about a life insurance policy when an investigator called on her in July, 2007.  Around April, 2007, she had learned that someone had changed her mailing address without her authorization.  Her daughter, Yolanda, had been murdered in August, 2007.  To her knowledge, her son did not work for a company called 'ACC'.  (I, 197-210).

Ms. Ladedra Hill was the daughter of Ms. Carolyn Jones and sister of deceased.  Her brother never lived on St. Aubin Street.  Joshua Amerson was her cousin.  Yolanda Montgomery was her older sister; she knew defendant as 'Paul'.  She was friends with his sister/cousin, who used to live on the same street.

On the night in question, defendant had stopped by the house around 2:20am.  She let him in so he could talk to her brother, Gary, who was asleep in her room.  The two talked for a few minutes and then Gary went back to sleep.  Defendant left, returning approximately 10-15

4

minutes later. Defendant and her brother talked again. Her brother told her he was going with

defendant and would be right back. They left approximately 2:40am. That was the last time she

saw either her brother or defendant.

On March 26, 2007, she talked to the police. Her cousin, Joshua, was also at the house

that morning. She did not know what defendant and her brother talked about. She knew the two

cars defendant drove were a gray minivan and a burgundy Cadillac. Her brother had moved

back in with the family approximately two weeks before that date. She described the clothing

she recalled her brother was wearing that night. (I, 211-230).

Mr. Lane was a financial representative with Northwestern Mutual Insurance Company.

He had received a call from someone named Gary Jones. He called back, arranged a meeting

with him on September 23, 2005, in a McDonald's restaurant. Eventually a life insurance policy

was issued for Mr. Jones in the amount of $250,000. At the time of the application, the first

payment was made via money order. He was given an address of 18510 St. Aubin. Carolyn

Jones, mother, was listed as the beneficiary. Mr. Jones had indicated he worked as a machine

operator for a company called ACC. Mr. Jones appeared to be in good health. The policy was

returned from 18510 St. Aubin, and after contacting Mr. Jones, was re-mailed to a new address.

Payments were received. Approximately 18-19 months later, in 2007, he received information

that Mr. Jones had been killed. Later that same year, Investigator Olsen contacted him and he

gave copies of the file to the Investigator. Mr. Lane was aware there had been two beneficiary

changes made after the policy had written. (II, 5-38).

Dr. Lowe, forensic pathologist, testified from records of the autopsy conducted on Mr.

Jones by Dr. Schmidt. It was determined the cause of death were multiple (6) gunshot wounds to

the body. (II, 64). There was no evidence of close range firing. Mr. Jones appeared to be a

healthy 19 year old male.  Bullets were recovered from the body and preserved for possible

testing.  There were three gunshot wounds to the head and three to the body.  (II, 39-66).

Mr. Wilson was a Northwestern Mutual Insurance Company access fund/tax specialist

and custodian of records.  He testified that the original insurance policy was sent the owner, with

a copy kept by the home office for recording purposes.  He indicated Mr. Jones had taken out an

insurance policy, that upon notification of his death, a death claim file was created.  He identified

the admission policy, that the beneficiary was subsequently changed twice, once on July 4, 2006,

to the name of a Mr. Stephen Henry, identified as the stepfather of Mr. Jones.  (II, 69-79).

Another beneficiary change was made on February 20, 2007, to a Mr. Willard Redding,

an uncle.  (I, 82).  There was no indication the change had been done in a face-to-face meeting.

On April 16, 2007, at 3:39pm, the company received notification by telephone from Mr.

Willard Redding of Mr. Jones' death.  The address provided was P.O. Box 15571, Detroit,

Michigan.  The beneficiary paperwork to complete the claim process was sent to the listed

beneficiary.  There was also an address of 4855 Beaconsfield, Detroit, Michigan.

After the paperwork was received, an access account fund was opened with Mellon Bank

on June 25, 2007, for the beneficiary.  Fifteen checks to be used to access the account were sent

to the beneficiary at the post office box.  (II, 83-93)

On July 6, 2007, a Mr. Redding contacted Northwestern Mutual requesting additional

checks be sent because the first checks had not been received.  These checks were sent to a

different address, on Westphalia Street as requested by Mr. Redding.  He identified a check

(#1032), made out to defendant, another check (#1035) made out to Kaline Brown.  Two other

checks (#1037, #1044) were made out to defendant.  On July 30, 2007, Mellon Bank contacted

Northwestern Mutual indicating possible fraud on the account and a 'freeze' was placed on the