UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ST. ANN,

        Plaintiff,

                                            CASE NO. 18-CV-13749
v.                                          HONORABLE AVERN COHN

KYM WORTHY, et al.,

        Defendants.
_____/

## **ORDER OF DISMISSAL**

### **I. Introduction**

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff, a Michigan prisoner proceeding pro se and without prepayment of the filing fee,[1] challenges his state criminal proceedings and related matters. In 2009, plaintiff was convicted of first-degree murder, false application for state identification, four counts of uttering and publishing, and felony firearm following a jury trial. He was sentenced to life imprisonment without parole on the murder conviction and terms of years on the other offenses.[2] Plaintiff claims that his sentence is void. He also asserts several additional claims, including malicious prosecution, arbitrary and false arrest and detention, kidnaping, torture/inhumane treatment, fraudulent warrant and complaint, and conspiracy. He names Wayne County Prosecutor Kym Worthy, Wayne County Assistant Prosecutor

---

[1]See 28 U.S.C. § 1915(a)(1).

[2]See Michigan's Offender Profile, Michigan Department of Corrections Offender Tracking Information System,
http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=741290.

Augustus Hutting, Wayne County Circuit Court Judge Thomas E. Jackson, an unidentified Wayne County Magistrate Judge (John Doe #1), Detroit Police Detectives Donald Olsen and Michael Russell, Detroit Police Chief James Craig, an unidentified Detroit Police employee (John Doe #2), defense attorney Daniel J. Rust, Judicial Tenure Commission Director Paul J. Fisher, and an unidentified Judicial Tenure Commission employee (John Doe #3) as defendants. He is suing them in their individual and official capacities. He seeks compensatory and punitive damages, as well as a declaratory judgment deeming the defendants' actions unconstitutional.

For the reasons that follow, the complaint will be dismissed because plaintiff has not stated a viable claim against any of the defendants.

## II. Legal Standards

The Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires

2

that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978).

### III. Discussion

#### A. Claims Against Defense Counsel

Plaintiff has named defense attorney Daniel J. Rust as a defendant. It is well-settled, however, that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under 42 U.S.C. § 1983. Polk Co. v. Dodson, 454 U.S. 312, 318, 325 (1981); Elrod v. Michigan Supreme Ct., 104 F. App'x 506, 508 (6th Cir. 2004); see also Cicchini v. Blackwell, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). While a private citizen acting in concert with a state official may be subject to § 1983 liability, Dennis v. Sparks, 449 U.S. 24, 27-28 (1980), the plaintiff fails to offer any facts or evidence in support of such a conspiracy claim. Conclusory allegations are insufficient

3

to state a claim under § 1983. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-57. Thus, Rust must be dismissed.

## B. Criminal Proceedings Claims

The bulk of the plaintiff's complaint challenges his state criminal proceedings. To the extent that it does, it is subject to summary dismissal. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), not the validity of continued confinement. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The underlying basis for the holding in Heck is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486.

As noted, most of the complaint concerns the validity of his state criminal proceedings. If the plaintiff were to prevail on those claims, his criminal convictions and related confinement would be called into question. Any such civil rights claims are barred by Heck and therefore must be dismissed.

## C. Judicial Tenure Commission Claims

Plaintiff also challenges the investigation and ruling of the Michigan Judicial Tenure Commission (JTC) as to complaints he filed arising from his state criminal proceedings. Plaintiff, however, has no constitutional right to an investigation by the JTC concerning the judges or others involved in his case. Rather, the scope of the JTC's investigation and its findings are purely matters of state law. It is well-settled that state law violations are not a proper basis for relief under § 1983. Pyles v. Raisor, 60 F.3d 1211, 1215 (6th Cir.1995). The Court also lacks subject matter jurisdiction to review decisions made by the JTC under the Rooker–Feldman doctrine. See District of

4

Columbia Ct. of App. v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Plaintiff's claims relating to the JTC proceedings therefore fail to state a valid claim.

## D. Prosecutorial Immunity

Plaintiff names two state prosecutors as defendants. However, it is well-settled that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This immunity covers a prosecutor's actions in preparing and filing charging documents, including requests for arrest warrants, Kalina v. Fletcher, 522 U.S. 118, 129 (1997), and the decision file a criminal complaint. Ireland v. Tunis, 113 F.3d 1435, 1446 (6th Cir. 1997). It even applies when a prosecutor acts wrongfully or maliciously. See Grant v. Hollenbach, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to grand jury). Thus, plaintiff's claims against the prosecutors must be dismissed.

## E. Judicial and Quasi-Judicial Immunity

Plaintiff also names two state court judges as defendants. Judges are entitled to absolute judicial immunity on claims for monetary damages against them in their personal capacities. See Mireles v Waco, 502 U.S. 9, 9-13 (1991) (per curiam) "[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages." Id. at 11. Absolute judicial immunity may be overcome in only two instances: (1) when a judge takes non-judicial action, or (2) when a judge acts in complete absence of all jurisdiction. Id. at 12. Plaintiff, however, has not alleged any facts to overcome immunity. Moreover, the 1996 amendments to § 1983 extended absolute

5

immunity for judges to requests for injunctive or equitable relief.  See Kircher v. City of Ypsilanti, et al., 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006).  Thus, the state court judges are entitled to absolute immunity.

Plaintiff also names two JTC members as defendants. The JTC and its members "perform functions that are equivalent to the job performed by judges in court proceedings, and, thus, are entitled to absolute quasi-judicial immunity." Briggs, 2011 WL 6339574 at *4 (citing cases).  Accordingly, the JTC defendants are entitled to quasi-judicial immunity.

**F.  Eleventh Amendment Immunity**

Plaintiff also asserts official capacity claims against the state prosecutors, the state court judges, and the JTC employees.  The Eleventh Amendment bars civil rights actions against a state and its agencies and officials unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Cady v. Arenac Cty., 574 F.3d 334, 342 (6th Cir. 2009) (citing Kentucky v. Graham, 473 U.S. 159, 169 (1985)).  The State of Michigan has not consented to be sued for civil rights actions in federal court, Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983.  Quern v. Jordan, 440 U.S. 332, 341 (1979).  The Michigan Supreme Court and its lower courts operate as arms of the state, and are thus entitled to the same sovereign immunity as the State of Michigan.  Pucci v. Nineteenth Dist. Ct., 628 F.3d 752, 762-64 (6th Cir. 2010).  Eleventh Amendment immunity applies to state employees, such as prosecutors, judges, court clerks, and state agency employees who are sued in their official capacities.  Pucci, 628

F.3d at 764. Thus, the official capacity claims against state prosecutors, state court judges, and JTC employees are barred by the Eleventh Amendment.

## IV. Conclusion

For the reasons stated above, the plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and several of the defendants are entitled to immunity. Accordingly, the complaint is DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also concludes that an appeal from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: 1/10/2019
    Detroit, Michigan